Charles MARSHALL, Jr., Appellant,

v.

KANSAS CITY, Missouri, a Municipal
Corporation, Respondent.

No. 45326.

Supreme Court of Missouri.

Division No. 2.

Nov. 12, 1956.

Motion for Rehearing or to Transfer to
Court en Banc Denied Dec. 10, 1956.

1

Ben E. Pener, Marcy K. Brown, Jr., Kansas City, for appellant.

Benj. M. Powers, City Counselor, T. James Conway, Frank O. Benson, Asst. City Counselors, Kansas City, for respondent.

BARRETT, Commissioner.

In this action against his employer, Kansas City, for negligent personal injury, consisting in failing to furnish safe tools and a safe place to work, a jury awarded Charles Marshall $9,000. Upon motion, however, the trial court set the verdict aside and entered judgment against Mr. Marshall for the reason that a verdict should have been directed for the city at the close of all the evidence. Upon this appeal by Mr. Marshall the single question is whether, construing the circumstances favorably to him, the fellow servant doctrine is applicable and a bar to his recovery in this action.

Mr. Marshall and John Parker were employed in the sewer department, attached to a "manhole truck." Marshall and Parker were laborers and Herman Norris was foreman of the crew. On November 29th or 30th, 1950, the task was to assist in constructing a catch basin in a manhole adjacent to a building on 33rd Street and Broadway. The particular task of the manhole truck crew was to cut a hole in the pavement with a jackhammer. The "manhole truck" was a dump truck with a compressor mounted on the bed. The jackhammer was carried in the truck bed on one side of the compressor and the one and one-half inch hose, 28 to 30 feet in length, was "rolled up" on the other side. The truck was stopped at the desired location and Mr. Norris, the foreman, told Marshall to get the jackhammer and Parker to get the hose and attach it to the compressor.

Norris had not marked out on the pavement where the cutting was to be done when Marshall took the jackhammer, which weighs ninety-two pounds, from the truck and was carrying it across his arms, holding a jackhammer cutting point in one hand. Parker had attached the hose to the compressor and was engaged in straightening it out, getting the kinks out of it, by holding to the unfastened end and shaking and pulling it. Marshall, in describing how he was injured, said that as he stepped over the hose, had gotten his left foot over, "Parker was straightening out the hose and he jerked the hose up like that (illustrating) and it caught my feet. * * * I had one leg across. * * * he was pulling and then he flapped them like that (illustrating), and snatched them. When he snatched them, it pushed them up in half, see. * * * After it did that, it caught my leg. With all that weight, I couldn't straighten up. * * * Well, when he did that, when he tripped me, the jackhammer, I guess, went as far as from here to that gentleman yonder, or further" and Mr. Marshall fell forward, his left knee striking the curbing.

In these circumstances it is argued that Marshall and Parker were not fellow servants. It is urged that the foreman gave two separate orders concerning two separate instrumentalities, one to Parker to arrange the hose and a second to Marshall to take the jackhammer and place it where the hole was to be cut in the pavement. Hence, it is said, that they were doing two distinct and separate jobs "which constituted a constituent element and a physical part of the place in which Marshall was thereafter required to work." But, as previously stated, Marshall and Parker were both laborers in the same department (2 Restatement, Agency, Secs. 478, 480) and unquestionably they were engaged in a "common employment" Greenan v. Emerson Electric Mfg. Co., 354 Mo. 781, 795, 191 S.W.2d 646, 650 and were, within any def-

inition of the term, fellow servants;—"Fellow servants are servants employed by the same master in the same enterprise * * * and so related in their labor that, because of proximity or otherwise, there is a special risk of harm to one of them if the other is negligent." 2 Restatement, Agency, Sec. 475.

 The employer, here the city, owes to its employees the nondelegable duty to furnish safe tools and appliances and a reasonably safe place to work and failing in these respects is subject to liability for injury resulting to its employees. 2 Restatement, Agency, Sec. 473; 18 McQuillin, Municipal Corporations, Sec. 53.20, p. 175; King v. City of St. Louis, Mo.App., 155 S.W.2d 557; Emrick v. City of Springfield, Mo.App., 110 S.W.2d 840; Fischer v. City of Cape Girardeau, 345 Mo. 122, 131 S.W. 2d 521. There were kinks in the hose and it was necessary to get them out before attaching the hose to the jackhammer, but there is no evidence or claim by the appellant that the hose was defective; Mr. Marshall's injury came about by reason of Parker's negligent use of the hose and not because it was defective. 56 C.J.S., Master and Servant, § 333(d) (1), p. 1117; 35 Am. Jur., Secs. 335, 360, pp. 763, 784. Likewise the place of work was not unsafe and the hazard was not brought about by the manner in which the work was being done; the danger came about by reason of the manner in which Parker handled the hose. Compare: Graczak v. City of St. Louis, 356 Mo. 536, 202 S.W.2d 775 and Gimmarro v. Kansas City, 342 Mo. 428, 116 S.W.2d 11. The latter case is a typical illustration of injury and liability resulting from a hazardous condition and an unsafe place to work due to the method or manner in which the work was being done. Parker's suddenly and unexpectedly jerking the hose and tripping Marshall was not, of course, the exercise of due care on his part (Logsden v. Duncan, Mo., 293 S.W.2d 944, but it does not support the inference or demonstrate negligence on the part of the city with respect to either the tools furnished,

place of work or the manner in which the work was being done. 35 Am.Jur., Sec. 334, p. 760. In the particular circumstances it can only be said, despite the unpopularity of the doctrine (Prosser, Torts, p. 380; 56 C.J.S., Master and Servant, § 321, p. 1078), that Mr. Marshall's injuries resulted from the negligent act of his fellow employee and not by reason of the breach of any nondelegable duty owed by the city. Graczak v. City of St. Louis, supra; Kemmler v. City of Richmond Heights, Mo., 114 S.W.2d 994; Thompson v. Kansas City, Mo.App., 153 S.W.2d 127; 2 Restatement, Agency, Secs. 474, 475. Accordingly, the judgment is affirmed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.