Diane HACKMANN, Appellant,

v.

MISSOURI AMERICAN WATER COMPANY, Respondent.

No. ED 92806.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 8, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 21, 2010.

Jane C. Hogan, St. Louis, MO, for Appellant.

Kurt A. Hentz, St. Louis, MO, for Respondent.

ROBERT G. DOWD, JR., Judge.

Dianne Hackmann ("Mrs. Hackmann") appeals from the trial court's grant of summary judgment in favor of Missouri American Water Company ("Water Company") on her claim of negligence against Water Company for personal injuries sustained by Mrs. Hackmann. Mrs. Hackmann contends the trial court erred in granting summary judgment on her claim for negligence. We reverse and remand.

On December 19, 2000, a water main located on Meppen Court broke causing water to flow onto the property of Mrs. Hackmann and her husband, Donald Hackmann ("Mr. Hackmann") (collectively referred to as "the Hackmanns"), located at 21 Meppen Court. The Hackmanns informed Water Company of the water leak. Water Company did not immediately shut off the water flow after being informed of the leak. The water eventually froze on their driveway, approximately two inches deep. The following day, on December 20, 2000, Water Company repaired the broken water main.

Approximately one week after the water main break, after the Hackmanns had removed the ice, they noticed the concrete slabs of the driveway had heaved and shifted. Mrs. Hackmann estimated that the concrete slabs were raised approximately two-and-a-half to three inches at the point they met the garage and one inch on their sides.

On January 11, 2001, a slight amount of precipitation occurred causing snow or ice to accumulate on the driveway. Mrs. Hackmann walked down the driveway to retrieve the mail. On her way back to the house, Mrs. Hackmann slipped on a portion of the driveway that was alleged to have heaved or shifted, sustaining injuries.

On February 15, 2008, the Hackmanns filed their action against Water Company seeking to recover for damage caused to their property in Count I and for Mrs. Hackmann's personal injuries in Count II.[1] Water Company subsequently filed a motion for partial summary judgment as to Mrs. Hackmann's claim for personal injuries in Count II. In its motion for summary judgment, Water Company asserted that it had no duty to protect Mrs. Hackmann from her injuries. Thereafter, the trial court granted Water Company's motion for partial summary judgment as to Count II. After agreement by the parties, Count I of the Hackmanns' petition was dismissed with prejudice. This appeal follows.[2]

1. The Hackmanns filed their original lawsuit against Water Company on November 23, 2005 in which they sought to recover damages caused to their property as well as for Mrs. Hackmann's personal injuries. Thereafter, Water Company filed a motion for partial summary judgment as to Mrs. Hackmann's personal injury claim. The Hackmanns subsequently voluntarily dismissed their lawsuit on February 20, 2007.

In her sole point, Mrs. Hackmann contends the trial court erred in granting summary judgment on her claim for negligence because Water Company owed Mrs. Hackmann a duty and there are genuine issues of material fact remaining in the case. We agree.

Our review of the grant of summary judgment is essentially *de novo*. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). When considering appeals from summary judgments, we review the record in the light most favorable to the party against whom judgment was entered and we accord the non-movant the benefit of all reasonable inferences from the record. *Id.* We will uphold the grant of summary judgment if the movant is entitled to judgment as a matter of law and if no genuine issues of material fact exist. *Id.* Summary judgment is frequently inappropriate in a negligence case particularly where the issue is whether there are facts upon which the trier of fact could find a breach of an admitted or otherwise established duty. *Lumbermens Mut. Cas. Co. v. Thornton*, 92 S.W.3d 259, 263 (Mo. App. W.D.2002)(citing *O.L v. R.L.*, 62 S.W.3d 469, 473 (Mo.App. W.D.2001)).

■ In any action for negligence, the plaintiff must establish that the defendant had a duty to protect the plaintiff from injury, the defendant failed to perform that duty, and the defendant's failure proximately caused injury to the plaintiff. *L.A.C. ex rel. D.C. v. Ward Parkway Shopping Center Co., L.P.*, 75 S.W.3d 247, 257

(Mo. banc 2002). Whether a duty exists is purely a question of law. *Id.* A legal duty owed by one to another may arise from at least three sources: (1) it may be prescribed by the legislative branch; (2) it may arise because the law imposes a duty based on the relationship between the parties or because under a particular set of circumstances an actor must exercise due care to avoid foreseeable injury; or (3) it may arise because a party has assumed a duty by contract or agreement whether written or oral. *Cupp v. National R.R. Passenger Corp.*, 138 S.W.3d 766, 771 (Mo. App. E.D.2004)(citing *Lumbermens Mut. Cas. Co.*, 92 S.W.3d at 263). While the issue of whether a duty exists is a question for the court, conclusions about the particular facts of the case are an issue for the jury. *Lumbermens Mut. Cas. Co.*, 92 S.W.3d at 267.

■ Where there is a general duty to exercise some type of care the next question is whether the defendant should or should not have acted in a particular way or refrained from acting. *Lumbermens Mut. Cas. Co.*, 92 S.W.3d at 267. This analysis is evaluated based on the facts of the case and this determination is an issue for the jury. *Id.*

■ Here, Water Company has a duty to control the water flowing through and from its water main.[3] *See Long v. Spanish Lake Service, Inc.*, 507 S.W.2d 935 (Mo.App. E.D.1974); *Adam Hat Stores v. Kansas City*, 316 S.W.2d 594 (Mo.1958). The other issues raised in this case do not deal with the question of duty as a matter of law, but instead go to

---

2. Water Company filed a motion to strike portions of the legal file that was taken with the case. Any portions of the legal file that were not properly before the trial court prior to his ruling on Water Company's motion for summary judgment are stricken. Water Company's motion is granted.

3. Water Company essentially concedes this duty and stated in its brief that it "does not dispute that such a duty may exist."

breach of that duty. "[W]hether the duty that exists has been breached is a question of fact for exclusive resolution for the jury." *Id.* at 266.

The trial court erred in granting summary judgment in favor of Water Company on the grounds that there was no duty on the part of Water Company as a matter of law. Mrs. Hackmann's point is granted.

The judgment is reversed and the cause is remanded.

SHERRI B. SULLIVAN, P.J., and PATRICIA L. COHEN, J., concur.