

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| DANIEL ABBOTT, | ) | ED100773 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | 11SL-CC03452 |
| | ) | |
| DeMARCO BOLTON, | ) | Honorable Thomas J. Prebil |
| | ) | |
| Respondent. | ) | Filed: August 2, 2016 |

## Introduction

Daniel Abbott (Abbott) appeals from the judgment of the trial court granting summary judgment in favor of DeMarco Bolton (Bolton) in Abbott's personal-injury case. On appeal, Abbott asserts summary judgment was improper because there remained genuine issues of material fact and because Bolton owed Abbott a duty independent of their mutual employer's non-delegable duty to provide a safe workplace. We reverse and remand for further proceedings in accordance with this opinion and the recent Missouri Supreme Court decisions in Peters v. Wady Indus., Inc., --- S.W.3d ---, 2016 WL 3180586 (Mo. banc June 7, 2016), and Parr v. Breeden, --- S.W.3d ---, 2016 WL 3180249 (Mo. banc June 7, 2016).

## Background

Abbott and Bolton were co-employees, both employed with the St. Louis County Department of Highways and Traffic (St. Louis County) as members of the same work crew. At

or around noon on July 7, 2010, the following incident occurred. Abbott was standing behind a work vehicle on a St. Louis County work site getting a drink from the water cooler when Bolton drove a St. Louis County tandem-axle dump truck (work truck) over Abbott's foot and ankle, causing severe and continuing injuries. Bolton was driving the work truck back from lunch when the incident occurred. Bolton saw Abbott getting a drink of water, but Bolton did not attempt to avoid the accident because he thought he had two or three feet of clearance and did not believe he was going to hit Abbott.

The petition asserted Bolton acted in a negligent manner in the course and scope of his employment, in that Bolton failed to exercise the highest degree of care while operating a motor vehicle by not reducing his speed, not keeping a safe stopping distance between the vehicle and Abbott, not keeping a careful lookout, and failing to stop properly to prevent a collision. Abbott specified, however, that the petition was not accusing Bolton of recklessness or intentional malfeasance. Bolton in his answer denied that both he and Abbott were acting in the course and scope of their employment.

Bolton moved for summary judgment, asserting he was entitled to judgment as a matter of law because he had no independent duty to exercise ordinary care outside the employer's non-delegable duty to provide a safe workplace. Bolton concluded that because he owed Abbott no personal duty of care, Abbott could not establish the essential elements of his negligence claim. The trial court agreed and granted summary judgment in favor of Bolton. This appeal follows.

## Discussion

### Standard of Review

Summary judgment is appropriate where the moving party demonstrates a right to judgment as a matter of law based on facts about which there is no genuine dispute. ITT

2

Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993). The movant has the burden to establish both a legal right to judgment and the absence of any genuine issue of material fact supporting that claimed right to judgment. Id. at 378. A defending party may establish a right to summary judgment as a matter of law by showing: (1) facts that negate any one of the elements of claimant's cause of action; (2) the non-movant, after an adequate discovery period, has not and will not be able to produce evidence sufficient to allow the trier of fact to prove the elements of its claims; or (3) there is no genuine dispute as to the existence of each of the facts necessary to support the movant's affirmative defense. Parr, 2016 WL 3180249, at *4.

Our review is essentially *de novo*. Cardinal Partners, L.L.C. v. Desco Inv. Co., 301 S.W.3d 104, 108 (Mo. App. E.D. 2010). When considering an appeal from summary judgment, we review the record in a light most favorable to the party against whom judgment was entered, and we afford the non-movant the benefit of all reasonable inferences from the record. Id. at 108-09. In opposing summary judgment, the non-moving party may not rely on mere allegations and denials, but must use affidavits, depositions, answers to interrogatories, or admissions on file to demonstrate the existence of a genuine issue for trial. Meramec Valley R-III Sch. Dist. v. City of Eureka, 281 S.W.3d 827, 835 (Mo. App. E.D. 2009).

## Point I

In his first point on appeal, Abbott argues the trial court erred in granting summary judgment in favor of Bolton because there remained a genuine issue of material fact regarding whether Abbott and Bolton were co-employees. This argument is without merit.

Abbott's argument is not sufficient to create a genuine issue of material fact. A genuine issue of material fact exists where the record contains competent evidence that two plausible but

3

contradictory accounts of essential facts exist. Hibbs v. Berger, 430 S.W.3d 296, 305 (Mo. App. E.D. 2014). To preclude summary judgment, the dispute must be real and not merely argumentative, imaginary, or frivolous. Hargis v. JLB Corp., 357 S.W.3d 574, 577 (Mo. banc 2011). Abbott's assertion that Bolton's initial denial that he was acting in the scope of his employment created a genuine issue of material fact as to whether he and Abbott were co-employees is merely argumentative and does not, on its face, create a genuine dispute of fact, material or otherwise. See id. The parties agree that Abbott and Bolton worked together on the same road crew for St. Louis County and that Abbott's injuries occurred when Bolton was driving a work truck back to the work site from lunch. It is clear from the record that there is no genuine dispute of fact regarding whether Abbott and Bolton were co-employees.

Point denied.

## Point II

In his second point on appeal, Abbott argues the trial court erred in granting summary judgment to Bolton, because Bolton owed Abbott an independent duty, separate from their employer's non-delegable duty to provide a safe workplace, to avoid injuring him. We agree.

An employer has a non-delegable duty to provide a safe work environment. See Carman v. Wieland, 406 S.W.3d 70, 76 (Mo. App. E.D. 2013). Under the Workers' Compensation Act (the Act), employers are responsible for providing benefits to employees injured at the workplace, and, in exchange, the employer receives immunity against tort claims for the injuries. Section 287.120, RSMo (Cum. Supp. 2005).[1] The plain language of Section 287.120 releases only employers from liability for work-related accidents and is silent as to co-employees. Nevertheless, this Court in State ex rel Badami v. Gaertner extended Section 287.120's immunity to co-

---

[1] Further statutory references are to RSMo. (Supp. 2005), unless otherwise noted.

4

employees who were negligent in performing the non-delegable duties of an employer. 630 S.W.2d 175, 179-80 (Mo. App. E.D. 1982). Badami created a "something more" test, which held that for a co-employee to be liable for violating an independent duty to an injured co-employee separate from the employer's non-delegable duties, the co-employee's conduct must have constituted an affirmative negligent act that purposefully and dangerously caused or increased the risk of injury. Id. at 179-80; see also State ex rel. Taylor v. Wallace, 73 S.W.3d 620, 622 (Mo. banc 2002).

The Missouri Supreme Court in Parr, --- S.W.3d ---, 2016 WL 3180249, and Peters, --- S.W.3d ---, 2016 WL 3180586, recently clarified the issue of co-employee liability under the 2005[2] version of the Act. The Missouri Supreme Court recognized that because the plain language of Section 287.120 did not extend to co-employees, there was "no immunity" under Section 287.120 for co-employee-caused workplace injuries occurring between 2005 and 2012. Peters, 2016 WL 3180586, at *14. The court found that Badami's "something more" approach was inconsistent with the Act, because it extended the Act's immunity—granted only to employers—to co-employees. See id. at *9, 12. Rather than applying the "something more" test, courts should consider a claim for a co-employee-caused workplace injury occurring between 2005 and 2012 as it would any common-law negligence claim: namely, that "an employee may be liable for injuries to another employee caused by a breach of a duty of care owed by the employee independent of the master-servant relationship." Parr, 2016 WL 3180249, at *6 (citing Peters, 2016 WL 3180586, at *16).

Thus, the question becomes where the employer's non-delegable duty ends and the employee's independent duty begins. At common law, the employer has certain non-delegable

---

[2] In 2012, the Missouri legislature amended Section 287.120 to explicitly extend immunity to co-workers; however, because the injury here occurred in 2010 prior to the amendment, we apply the 2005 version.

duties for which it remains liable, even if the employer assigns these duties to an employee. These duties are: (1) the duty to provide a safe workplace; (2) the duty to provide safe appliances, tools, and equipment; (3) the duty to give warning of dangers of which the employee might reasonably be expected to remain in ignorance; (4) the duty to provide a sufficient number of suitable co-employees; and (5) the duty to promulgate and enforce rules for the conduct of employees to ensure the safety of the workplace. Peters, 2016 WL 3180586, at *17; Parr, 2016 WL 3180249, at *6-7 (citing W. Keeton, Prosser and Keeton on the Law of Torts, § 80 at 569 (5th ed. 1984)). However, if the co-employee's negligent action falls outside those duties, the co-employee may be liable for his or her breach of a personal duty of care, "without regard to whether he is the servant or agent of another or not." Ryan v. Standard Oil of Indiana, 144 S.W.2d 170, 173 (Mo. App. 1940); see also Peters, 2016 WL 3180586, at *16; Parr, 2016 WL 3180249, at *6.

Included within the employer's duty to provide a safe workplace is a duty to see that the instruments of the workplace are used safely. Peters, 2016 WL 3180586, at *18. Thus, when an employee's injuries result from the tools furnished, the place of work, or the manner in which the work is being done, the injuries are attributable to a breach of the employer's non-delegable duty to provide a safe workplace. Id. at *19. "The employer's duty to provide a safe workplace is not unlimited, however." Id. at *18. Unless the employer is directing the employee, the employer's obligation to protect his employees "does not extend to protecting them from the transitory risks [that] are created by the negligence of the [employees] themselves in carrying out the details of that work." Id. (quoting Kelso v. W.A. Ross Const. Co., 85 S.W.2d 527, 535-36 (Mo. 1935)). Thus, where the employer directed the employee to act in a negligent manner or had a negligent standard operating procedure in place, the employee's negligence is subsumed in the employer's duties; however, where the employee is negligent on his own *in carrying out the details of the*

6

*work,* any resulting injuries are attributable to the employee's breach of his or her separate and distinct common-law duty of care. See id. at *18-19.

The Peters court noted, for example, at common law, Missouri courts have found a co-employee to have violated his or her duty of care separate and distinct from the employer's general duty to provide a safe workplace where: (1) the co-employee's negligent *use of* a compressor hose—rather than any defect in the hose itself—caused injury to another co-employee, see Marshall v. Kansas City, 296 S.W.2d 1, 2-3 (Mo. 1956) ("the place of work was not unsafe and the hazard was not brought about by the manner in which the work was being done; the danger came about by reason of the manner in which [Defendant] handled the hose"); and (2) the co-employee's negligent method of removing debris from a roof caused injury to a co-employee, see Logsdon v. Duncan, 293 S.W.2d 944, 948-49 (Mo. 1956). See Peters, 2016 WL 3180586, at *18, 23.

Turning to the facts before us here, Abbott alleged Bolton negligently drove the work truck by not reducing his speed, not keeping a safe stopping distance between the vehicle and Abbott, not keeping a careful lookout, and failing to stop properly to prevent a collision. Because the injury occurred in 2010, Section 287.120.1's employer immunity did not extend to co-employees, and Abbott was not precluded from bringing a common-law claim for negligence against Bolton if Abbott could show that Bolton owed him a duty separate and distinct from St. Louis County's non-delegable duties. See Parr, 2016 WL 3180249, at *5.

In an action for negligence at common law, the plaintiff must establish (1) the defendant had a duty to the plaintiff, (2) the defendant failed to perform that duty, and (3) the defendant's breach was the proximate cause of the plaintiff's injury. Hackmann v. Mo. Am. Water Co., 308 S.W.3d 237, 239 (Mo. App. E.D. 2009). The issue before us is whether Bolton owed Abbott an

7

independent duty of care or whether any duty of care was subsumed within St. Louis County's general duties toward its employees.[3] Whether a co-employee owes another an independent duty is purely a question of law. Peters, 2016 WL 3180586, at *14-15.

Each of Abbott's allegations against Bolton claimed violations of Bolton's personal duty to drive in a careful and prudent manner. See Section 304.012, RSMo. (2000) ("Every person operating a motor vehicle on the roads and highways of this state shall drive the vehicle in a careful and prudent manner ... and shall exercise the highest degree of care."). Abbott did not allege that the place of work or the equipment provided was not safe, he did not allege there were an insufficient number of employees, and he did not allege there was a failure to warn of unknown dangers or a failure to promulgate or enforce workplace rules—and thus he did not allege a violation of St. Louis County's non-delegable duty to provide a safe workplace. See Peters, 2016 WL 3180586, at *17; Parr, 2016 WL 3180249, at *6-7. Rather, Abbott asserted Bolton was negligent in carrying out the details of his work, for which Bolton could be liable under common law. See Peters, 2016 WL 3180586, at *18. Thus Abbott met the threshold question of whether Bolton owed him a duty of care. Because Bolton had an independent duty of care towards Abbott that was not subsumed within St. Louis County's duty to provide a safe workplace, the trial court erred in granting summary judgment.

Point granted.

---

[3] In our review of the trial court's grant of summary judgment here, we do not consider factual questions such as whether Abbott was partially at fault or whether he had moved into the path of the work truck.

8

Conclusion

The judgment of the trial court is reversed and remanded in accordance with this opinion.

Gary M. Gaertner, Jr., Judge

Kurt S. Odenwald, P.J., concurs.
Robert G. Dowd, Jr., J., concurs.

9