

# In the Missouri Court of Appeals
# Eastern District
## DIVISION THREE

| | | |
|---|---|---|
| JOHN FOWLER and MARY FOWLER, | ) | ED100801 |
| | ) | |
| Appellants, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | 12SL-CC002619 |
| | ) | |
| AMY PHILLIPS, | ) | Honorable David Lee Vincent, III |
| | ) | |
| Respondent. | ) | Filed: August 23, 2016 |

## Introduction

John Fowler and Mary Fowler (collectively, Appellants) appeal the judgment of the trial court granting summary judgment in favor of Amy Phillips (Phillips) in Appellants' personal-injury case. On appeal, they assert summary judgment was improper because the facts established co-employee liability. We reverse and remand for further proceedings in accordance with this opinion and the recent Missouri Supreme Court decisions in Peters v. Wady Indus., Inc., --- S.W.3d ---, 2016 WL 3180586 (Mo. banc June 7, 2016), and Parr v. Breeden, --- S.W.3d ---, 2016 WL 3180249 (Mo. banc June 7, 2016).

## Background

Appellant John Fowler (Fowler) and Phillips were co-employees, employed by Avis Budget Group, Inc. (Avis). In October of 2010, Phillips was driving a vehicle out of the Avis car wash onto the Avis parking lot when she struck Fowler, knocking him down. Appellants filed a

1

suit for damages against Phillips, asserting negligence and reckless conduct, resulting in severe and disabling injuries to Fowler and loss of consortium to Mary Fowler. For the negligence claim, Appellants claimed Phillips failed to exercise "the requisite degree of care" in that she failed to keep a careful lookout, failed to yield the right of way, and violated traffic signals. For the reckless-conduct claim, Appellants asserted Phillips knew or should have known she was creating an unreasonable risk of harm to Fowler when she failed to stop at the stop sign posted outside the car wash, exited the car wash without honking, made a prohibited left turn out of the car wash, did not look left before turning, and failed to signal her turn.

Phillips moved for summary judgment asserting she was entitled to judgment as a matter of law because Appellants failed to offer any evidence to prove Phillips had a duty of care towards Fowler. In her statement of uncontroverted facts, Phillips stated the incident occurred in the course and scope of her employment while she was driving an Avis vehicle as part of her job duties on Avis property. In a later response to Appellant's Statement of Additional Material Facts, Phillips stated that she did not fail to stop at the stop sign but rather did stop, that turning left out of the carwash was not prohibited, that there was no rule that she honk before exiting the carwash, and that she did not fail to look before turning.

After arguments on the motion, the trial court granted summary judgment in favor of Phillips, finding that the employer has a non-delegable duty to provide a safe workplace and that employees are not personally liable for carrying out that non-delegable duty. This appeal follows.

## Discussion

In their sole point on appeal, Appellants argue the trial court erred in granting summary judgment to Phillips because the facts showed Phillips' reckless conduct constituted affirmative acts sufficient to establish co-employee liability. We agree.

2

Summary judgment is appropriate where the moving party demonstrates that there is no genuine dispute about material facts and that the moving party is entitled to judgment as a matter of law based on those undisputed facts. Rule 74.04(c)(6); ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment as a matter of law in favor of the defending party is appropriate when: (1) there are facts that negate any one of the elements of claimant's cause of action; (2) the movant shows that the non-movant, after an adequate discovery period, has not and will not be able to produce evidence sufficient to allow the trier of fact to prove the elements of its claims; or (3) there is no genuine dispute as to the existence of each of the facts necessary to support the movant's affirmative defense. Parr, 2016 WL 3180249, at *4.

Our review of the trial court's grant of summary judgment is essentially *de novo*. Cardinal Partners, L.L.C. v. Desco Inv. Co., 301 S.W.3d 104, 108 (Mo. App. E.D. 2010). When considering an appeal from summary judgment, we review the record in a light most favorable to the party against whom judgment was entered, and we afford the non-movant the benefit of all reasonable inferences from the record. Id. at 108-09.

Appellants here filed claims against Phillips for both negligence and reckless conduct, and the trial court granted summary judgment in favor of Phillips on both claims, finding she had no personal duty of care towards Fowler. Appellants appeal only the trial court's grant of summary judgment on their claim for reckless conduct and its derivative loss-of-consortium claim. During the pendency of this appeal, however, the Missouri Supreme Court issued decisions in Parr and Peters finding that co-employees may be liable at common law for injuries caused to fellow co-employees by negligent actions if the plaintiff-employee can show the defendant-employee violated a personal duty of care separate from the employer's duties to provide a safe workplace.

3

Peters, 2016 WL 3180586, at *16; Parr, 2016 WL 3180249, at *6. While Parr and Peters analyze the issue in the context of negligence rather than reckless conduct, this distinction is not material here. Recklessness is an aggravated form of negligence. Hatch v. V.P. Fair Foundation, Inc., 990 S.W.2d 126, 139 (Mo. App. E.D. 1999). The first issue to consider in either a claim for negligence or reckless conduct is whether the defendant had a personal duty of care towards the injured party. See Hackmann v. Mo. Am. Water Co., 308 S.W.3d 237, 239 (Mo. App. E.D. 2009) (elements of negligence); Nichols v. Bresnahan, 212 S.W.2d 570, 573 (Mo. 1948) (elements of reckless conduct). The analysis for the existence of that duty is the same.

Under the Missouri Supreme Court's recent decisions in Parr and Peters, and as recognized by this Court's recent decision in Abbott v. Bolton, --- S.W.3d ---, 2016 WL 4097509 (Mo. App. E.D. Aug. 2, 2016), co-employees acting negligently within the scope of employment are not granted immunity under Section 287.120, RSMo. (2000) of the Worker's Compensation Act (the Act) for injuries caused by their negligent acts committed between 2005 and 2012. Rather, to determine co-employee liability during this timeframe, courts should consider a claim for a co-employee-caused workplace injury as it would any common-law negligence claim. At common law, "an employee may be liable for injuries to another employee caused by a breach of a duty of care owed by the employee independent of the master-servant relationship." Parr, 2016 WL 3180249, at *6 (citing Peters, 2016 WL 3180586, at *16).

At common law, the employer has certain non-delegable duties for which it remains liable, regardless of whether the employer has assigned these duties to an employee. These duties are: (1) the duty to provide a safe workplace; (2) the duty to provide safe appliances, tools, and equipment; (3) the duty to give warning of dangers of which the employee might reasonably be expected to remain in ignorance; (4) the duty to provide a sufficient number of suitable co-

4

employees; and (5) the duty to promulgate and enforce rules for the conduct of employees to ensure the safety of the workplace. Peters, 2016 WL 3180586, at *17; Parr, 2016 WL 3180249, at *6-7 (citing W. Keeton, Prosser and Keeton on the Law of Torts, § 80 at 569 (5th ed. 1984)). However, if the co-employee's act falls outside the employer's non-delegable duties and instead violates a personal duty of care, the co-employee may be liable at common law, regardless of whether he or she was performing his or her job when the injury occurred. See Abbott, 2016 WL 4097509 (employee who injured co-employee with vehicle at work was not immune from common-law liability for injury caused by alleged violation of personal duty to operate motor vehicle with care); see also Peters, 2016 WL 3180586, at *16; Parr, 2016 WL 3180249, at *6.

Courts have differentiated between a personal duty and the employer's non-delegable duties along the following lines. If the injury arises from tools provided by the employer, the place of work, or the employer's directions or standard operating procedures for how to complete the job, then the injury falls within the employer's non-delegable duties to provide a safe workplace. Peters, 2016 WL 3180586, at *18-19. However, if the injury arises from a co-employee's action that was not specifically directed by the employer and that was not the result of the malfunction of the employer-provided tool or workplace, then the co-employee is open to liability at common law. See id.

Here, Appellants challenge the trial court's grant of summary judgment in favor of Phillips on their claim for reckless conduct. Liability for reckless conduct arises when an actor intentionally acts or fails to do an act that it was his or her duty to do, knowing or having reason to know of facts that would lead a reasonable person to realize that the conduct involved a high degree of probability that substantial harm would result. Nichols, 212 S.W.2d at 573. Thus, as in Abbott, Parr, and Peters, the issue here is whether Phillips owed Fowler a personal duty of care

5

separate and distinct from Avis' non-delegable duties. See Abbott, 2016 WL 4097509, at *8. Whether a co-employee owes another an independent duty is purely a question of law. Peters, 2016 WL 3180586, at *14-15.

Appellants' claims here for both negligence and reckless conduct stem from their allegations that Phillips violated Avis' workplace rules by failing to stop at the stop sign, failing to honk when exiting the carwash, and making a prohibited left turn without signaling or looking left. These allegations do not claim violations of Avis' non-delegable duties, but rather, they charge Phillips with actions outside the employer's non-delegable duties, that thus violated her personal duty of care towards Fowler. See Peters, 2016 WL 3180586, at *17; Parr, 2016 WL 3180249, at *6-7. Accordingly, Appellants sufficiently asserted violations of Phillips' personal duty of care for which she could be liable at common law, and the trial court erred in granting summary judgment.[1]

Point granted.

### Conclusion

The judgment of the trial court is reversed and remanded in accordance with this opinion.

Gary M. Gaertner, Jr., Judge

Kurt S. Odenwald, P. J., concurs.
Robert G. Dowd, Jr., J., concurs.

---

[1] Phillips' claims that she did not fail to stop at the stop sign and look left and that Avis did not require employees to honk when exiting the car wash and did not prohibit left turns are contested issues of fact. Likewise, Phillips' claim on appeal that the accident was in fact caused by workplace conditions are issues of fact raised for the first time on appeal that we do not consider.

6