

# In the Missouri Court of Appeals
## Eastern District

DIVISION TWO

| | |
|---|---|
| MATTHEW FOGERTY, | ) |
| | ) No. ED100947 |
| Plaintiff/Appellant, | ) |
| | ) |
| v. | ) Appeal from the Circuit Court |
| | ) of the County of St. Louis |
| RICK ARMSTRONG, | ) |
| | ) |
| Defendant, | ) |
| | ) Honorable Mark D. Seigel |
| and | ) |
| | ) |
| LARRY MEYER, | ) |
| | ) Filed: September 20, 2016 |
| Defendant/Respondent. | ) |

### Introduction

Matthew Fogerty (Appellant) appeals from the circuit court's entry of summary judgment in favor of Larry Meyer (Respondent) in Appellant's personal injury case. We reverse and remand.

### Factual and Procedural Background

Appellant and Respondent were co-employees at Wright Construction Company. On October 20, 2011, Appellant and Respondent were installing a fountain and were moving large stones with a Takeuchi 230 track front loader outfitted with forks. Respondent was operating the forklift. In the course of moving the stones, the forks of

the machine repeatedly dropped down onto Appellant's back, driving Appellant into the ground, and causing injuries to Appellant's back and right knee.

Appellant filed a negligence action against Respondent alleging he had a duty to operate the forklift in a reasonably safe manner and he breached said duty by lowering the forks without taking any steps to warn Appellant or protect him from being impacted by the forks.[1]

Respondent moved for summary judgment asserting he was entitled to judgment as a matter of law, arguing Appellant failed to demonstrate Respondent owed Appellant a duty of care separate and apart from their employer's non-delegable duties and that a breach of this personal duty proximately caused Appellant's injuries. Respondent maintained he had no personal duty to operate the forklift in a reasonably safe manner and, instead, it was Wright Construction Company's non-delegable duty to supervise and provide a safe work environment.

Appellant filed a response to the motion for summary judgment, to which Respondent filed a reply. After arguments on the motion, the circuit court granted summary judgment in favor of Respondent. This appeal follows.

Standard of Review

We review the circuit court's grant of summary judgment *de novo*. ITT Comm. Fin. Corp. v. Mid-Am. Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993). Whether to grant summary judgment is purely an issue of law. Ashford Condo., Inc. v. Horner & Shifrin, Inc., 328 S.W.3d 714, 717 (Mo. App. E.D. 2010). We will uphold summary judgment on appeal only where there is no genuine issue of material fact and

---

[1] In his petition, Appellant alleged Respondent breached the duty of care in several different ways but has narrowed his theory on appeal to a single allegation.

the movant is entitled to judgment as a matter of law. ITT Comm. Fin. Corp., 854 S.W.2d at 376; Rule 74.04(c).[2] The record is viewed in the light most favorable to the party against whom judgment was entered. Citibrook II, L.L.C. v. Morgan's Foods of Missouri, Inc., 239 S.W.3d 631, 634 (Mo. App. E.D. 2007).

## Discussion

On appeal, Appellant argues the circuit court erred in granting summary judgment in favor of Respondent on his negligence claim because his petition alleged Respondent, as his co-employee, had a duty to operate an employer-provided tool in a reasonably safe manner, a duty not subsumed within their employer's non-delegable duty to provide a safe workplace.

To sustain a claim for negligence, the plaintiff must establish (1) the defendant had a duty to the plaintiff; (2) the defendant failed to perform that duty; and (3) the defendant's breach was the proximate cause of the plaintiff's injury. Peters v. Wady Industries, Inc., 489 S.W.3d 784, 793 (Mo. banc 2016). Whether the defendant owed a duty to the plaintiff is a question of law. Id. at 793-94.

During the pendency of this appeal, the Missouri Supreme Court issued decisions in Parr v. Breeden, 489 S.W.3d 774, 778-79 (Mo. banc 2016) and Peters v. Wady Industries, Inc., 489 S.W.3d 784, 795-96 (Mo. banc 2016), finding employees may be liable at common law for injuries to a co-employee caused by their negligent actions if the plaintiff can demonstrate the defendant violated a personal duty of care separate from the employer's duty to provide a safe workplace. See Fowler v. Phillips, ---S.W.3d ---, 2016 WL 4442319 *2 (Mo. App. E.D. Aug. 23, 2016). Under Parr and Peters, co-

---

[2] Mo. R. Civ. P. 2013.

3

employees acting negligently within the scope of their employment are not granted immunity under the 2005 version of the Workers' Compensation Act (the Act) for injuries caused by their negligent conduct committed between 2005 and 2012.[3] Parr, 489 S.W.3d at 778-79; Peters, 489 S.W.3d at 789-90.

The employer has a non-delegable duty to provide a safe work environment, which includes the duties to (1) provide a safe place to work; (2) provide safe appliances, tools, and equipment; (3) give warnings of dangers the employee might reasonably be unaware of; (4) provide a sufficient number of suitable fellow employees; and (5) promulgate and enforce rules for the conduct of employees which would make the work safe. Peters, 489 S.W.3d at 795.

The employer's duty to provide a safe workplace is not unlimited, however, and unless the employer is directing the work, employer's "'obligation to protect his servants does not extend to protecting them from the transitory risks which are created by the negligence of the servants themselves in carrying out the details of that work.'" Peters, 489 S.W.3d at 795–96, quoting Kelso v. W.A. Ross Const. Co., 85 S.W.2d 527, 535–36 (Mo. 1935).

> Thus, where the employer directed the employee to act in a negligent manner or had a negligent standard operating procedure in place, the employee's negligence is subsumed in the employer's duties; however, where the employee is negligent on his own *in carrying out the details of the work*, any resulting injuries are attributable to the employee's breach of his or her separate and distinct common-law duty of care.

Abbott v. Bolton, 2016 WL 4097509, at *3 (Mo. App. E.D. Aug. 2, 2016) (emphasis in original).

---

[3] All statutory references are to RSMo. Supp. 2005, unless otherwise indicated. In 2012, the Missouri legislature amended Section 287.120 to explicitly extend immunity to co-workers.

When the injuries result from the place of work or the employer's tools, directions, or standard operating procedures, then the injury falls within the employer's non-delegable duty to provide a safe workplace. Fowler, 2016 WL 4442319 at *3. When the injury arises from a co-employee's action not specifically directed by the employer or resulting from the malfunction of an employer-provided tool or workplace, the co-employee may be liable at common law. Id. For example, a co-employee has been found to have violated his duty of care separate and distinct from the employer's duty to provide a safe workplace where (1) the co-employee's negligent use of a compressor hose, rather than any defect in the hose, caused an injury to another employee, see Marshall v Kansas City, 296 S.W.2d 1, 2-3 (Mo. 1956); and (2) the co-employee's negligent method of removing debris from a roof caused injury to another employee, see Logsdon v. Duncan, 293 S.W.2d 944, 948-49 (Mo. 1956).

In this case, the question is whether Respondent owed Appellant a personal duty of care separate and distinct from Wright Construction Company's non-delegable duty to provide a safe workplace. Appellant's negligence claim asserted Respondent had a duty to operate the forklift in a reasonably safe manner and that Respondent breached this duty by lowering the forks without taking any steps to warn or protect Appellant from being impacted by the forks. This is not an allegation of a violation of employer's non-delegable duty to provide a safe work environment, but rather a claim that Respondent was negligent in the operation of the employer-provided tool and in the carrying out of the details of the work. Because Appellant sufficiently asserted violations of Respondent's personal duty of care for which he could be liable at common law,

5

Respondent is not entitled to judgment as a matter of law and the circuit court erred in granting summary judgment. Appellant's Point is granted.

Conclusion

The judgment of the circuit court is reversed and remanded for further proceedings in accordance with this opinion.

_Sherri B. Sullivan_
SHERRI B. SULLIVAN, P. J.

Roy L. Richter, J., and
Colleen Dolan, J., concur.

6