

# In the Missouri Court of Appeals
## Eastern District
DIVISION THREE

| | | |
|---|---|---|
| CHRISTOPHER NOLEN and LISA NOLEN, | ) | No. ED101591 |
| | ) | |
| Appellants, | ) | Appeal from the Circuit Court |
| | ) | of Cape Girardeau County |
| vs. | ) | |
| | ) | Hon. Gary P. Kramer |
| GARY BESS, DEREK EAVES and KASEY GUSS, | ) | |
| | ) | FILED: |
| Respondents. | ) | November 29, 2016 |

Christopher Nolen appeals the trial court's summary judgment in this action in favor of his former supervisor, Kasey Guss, and former co-workers, Gary Bess and Derrick Eaves (collectively, Respondents), after Nolen was injured in a workplace accident. We reverse and remand.

Nolen was employed as a janitor in the Show Me Center arena at Southeast Missouri University (SEMO) in Cape Girardeau. In May 2007, Nolen was mopping bleachers when he fell off the end of a row onto the floor ten to fifteen feet below, sustaining a spinal injury resulting in paralysis.

Nolen filed a negligence action alleging, as pertinent here, that Respondents instructed or permitted Nolen to mop the bleachers without first installing rails. Respondents moved to dismiss the petition for failure to state a claim on which relief can be granted in that Respondents owed no duty to Nolen since the allegations fell within SEMO's nondelegable duty to provide and maintain a safe working environment. The trial court overruled Respondents' motions noting that there

were factual matters precluding judgment on the pleadings. After completing some discovery, Respondents filed motions for summary judgment, which the trial court granted, reasoning that Respondents could not be held liable for SEMO's non-delegable duty to provide a safe workplace. Nolen appeals, asserting that Respondents breached a personal duty of care separate from SEMO's duty to provide a safe workplace.

"Appellate review of summary judgment is *de novo*, viewing the record in the light most favorable to the party against who judgment was entered." Comp & Soft, Inc. v. AT&T Corp., 252 S.W.3d 189, 194 (Mo. App. E.D. 2008). "The purpose of summary judgment is to resolve cases in which there is no 'genuine issue of material fact and . . . the moving party is entitled to judgment as a matter of law.'" Id. (internal quotations omitted).

"[I]t is well established that an employer owes certain non-delegable duties to its employees with respect to safety and that, even if an employer assigns the performance of those duties to an employee, the employer remains liable for any breach of such duties." Peters v. Wady Industries, Inc., 489 S.W.3d 784, 795 (Mo. 2016). An employer's non-delegable duties include: (1) providing a safe workplace, (2) providing safe appliances, tools, and equipment, (3) giving warning of dangers of which the employee might reasonably be expected to remain ignorant, (4) providing a sufficient number of suitable co-workers, and (5) promulgating and enforcing rules of conduct to make the work safe. Id. Included with the employer's duty to provide a safe workplace is a duty to see that instrumentalities of the workplace are used safely. Id.

However, an employer's duty to provide a safe workplace is not unlimited. Id. Except in the cases where the master is directing the work, his obligation to protect his servants does not extend to protecting them from the transitory risks created by the negligence of the servants themselves carrying out the details of that work. Id. Framing his argument within this exception,

2

Nolen asserts that Respondents were negligent in carrying out the details of their work in that they created a transitory risk by instructing Nolen to mop the bleachers without the rails, thereby breaching a personal duty separate from SEMO's duties.

Critical to resolution of the matter, at the time of Nolen's injury, workers' compensation law was in flux. Before 2005, Chapter 287 was interpreted to shield employees from liability to co-workers except for affirmative acts beyond normal job duties, i.e., the "something more" standard. See e.g., Burns v. Smith, 214 S.W.3d 335 (Mo. 2007). Then in 2005, a statutory amendment led appellate courts to hold that the statutory definition of "employer" did not include a claimant's co-workers. Robinson v. Hooker, 323 S.W.3d 418 (Mo. App. W.D. 2010). As a result, employees were left exposed to liability to co-workers for common law negligence. The legislature passed a corrective amendment in 2012 that essentially codified the "something more" doctrine. For injuries occurring in the interim, like this case, appellate courts interpreted the standard for co-employee liability with varying results. This court applied the "something more" doctrine and concluded that, in order for an employee to be personally liable for a co-worker's injury, the employee must have engaged in "an affirmative act, outside the scope of employer's nondelegable duties, directed at a worker, increasing the risk of injury."[1] Amersquita v. Gilster-Mary Lee Corp., 408 S.W.3d 293, 304-305 (Mo. App. E.D. 2013). By contrast, the Western District rejected the "something more" doctrine and held that, for the period in question, an employee's simple negligence—whether by act or omission—is actionable so long as it falls outside the employer's non-delegable duty. Leeper v. Asmus, 440 S.W.3d 478 (Mo. App. W.D. 2014).

---

[1] The 2012 amendment employs a similar description. An employee "shall not be released from liability for injury or death if the employee engaged in an affirmative negligent act that purposefully and dangerously caused or increased the risk of injury." Section 287.120.1.

The Supreme Court endeavored to resolve the conflict in Parr v. Breeden, 489 S.W.3d 774 (Mo. banc 2016) and Peters v. Wady Indus., Inc., 289 S.W.3d 784 (Mo. banc 2016). In Peters, Mr. Peters and Mr. Terrio's employer was a company specializing in providing services and products to general contractors in the construction industry. Id. at 787. Its services included providing dowel baskets[2] manufactured by Wady Industries. Id. Wady shipped the dowel baskets to the employer stacked on top of one another "without warning, bracing, or other precautionary measures." Id. The dowel baskets remained stacked in both the employer's staging area and once delivered to a specified construction site. Id.

Mr. Terrio, a project manager for the employer, "had received warnings from other employees about the potential safety hazards posed by the stacked dowel baskets." Id. On the day in question, despite the warnings, he ordered that the dowel baskets be delivered to a construction site on the employer's flatbed truck in the same stacked manner in which they were sent to employer. Id. A row of baskets fell on Mr. Peters causing permanent and catastrophic injuries. Id.

In affirming the trial court's dismissal of the action, reasoning that his conduct fell within the employer's non-delegable duty to provide a safe workplace, the Supreme Court of Missouri drew a "distinction between an employer's nondelegable duty to provide a safe workplace and a co-employee's duty arising from transitory risks in how the co-employee carries out the details of her work." Id. at 796, 800. The Court discussed its earlier decision in Marshall v. Kansas City, 296 S.W.2d 1 (Mo. 1956), where the plaintiff was injured when his co-employee shook a compressor hose to remove the kinks. The Court in Marshall found that the plaintiff was not injured by the manner in which the work was being done but by the manner in which the hose was

---

[2] Dowel baskets are rebar paver baskets used in concrete construction.

4

handled by the co-employee. <u>Marshall</u>, 296 S.W.2d at 3. The Court in <u>Peters</u> noted that the <u>Marshall</u> decision "demonstrates that when an employee's injuries result from the tools furnished, the place of work, or the manner in which the work was being done, the injuries are attributable to a breach of the employer's nondelegable duty to provide a safe workplace." <u>Peters</u>, 489 S.W.3d at 796. However, when "the employee's injuries result from a co-employee's negligence in carrying out the details of the work, the injuries are attributable to the co-employee's breach of a duty separate and distinct from the employer's nondelegable duty to provide a safe workplace." <u>Id.</u>

Recognizing that an "employer's nondelegable duty to provide a safe workplace does not include transitory risks arising from an employee's negligence in carrying out his or her work," the Court held the allegations pertained to Mr. Terrio's supervisory role as project manager negligently carrying out his employer's nondelegable duty to provide a safe workplace rather than an unsafe workplace resulting from Mr. Terrio's negligence in carrying out the details of his work. <u>Id.</u> at 799. The Court further noted that providing a safe method of work is part of an employer's duty to provide a safe work environment and that the allegations regarding the unsafe stacking of the dowel baskets went to the manner in which the work was performed under the employer's standard operating procedures. <u>Id.</u> The Court distinguished the allegations that Mr. Peters was ordered and directed to conduct work in the alleged unsafe manner in the course of his employer's business from instances in which a co-employee "negligently carried out some details or aspect of his work." <u>Id.</u> at 800. The Court found that "[t]he Peteres failed to allege . . . any aspect or detail of work that Mr. Terrio negligently carried out other than that, in his role as project manager, Mr. Terrio negligently performed [his employer's] nondelegable duty to provide a safe manner or place of work." <u>Id.</u>

5

While the alleged unsafe manner of work in Peters may have created an unsafe work place, in this case, SEMO provided the equipment necessary for a safe manner and place of work. In the same way an employer may provide its employees with hard hats or safety goggles, SEMO provided bleachers with rails, and it is generally understood that such rails are to be used with the bleachers. Rather than allegedly creating an unsafe work place as alleged in Peters in violation of its nondelegable duties, SEMO provided a safe work place by providing bleachers with rails.

Since Peters, our Court has examined the distinction between a personal duty owed by a co-employee and the employer's nondelegable duties. See Fowler v. Phillips, --- S.W.3d ---, 2016 WL 4442319 (Mo. App. E.D. August 23, 2006); Fogerty v. Armstrong, --- S.W.3d --- , 2016 WL5030379 (Mo. App. E.D. 2016). We have noted:

> If the injury arises from tools provided by the employer, the place of work, or the employer's directions or standard operating procedures for how to complete the job, then the injury falls within the employer's nondelegable duties to provide a safe workplace. However, if the injury arises from a co-employee's action that was not specifically directed by the employer and that was not the result of the malfunction of the employer-provided tool or workplace, then the co-employee is open to liability at common law.

Fowler, WL 4442319, at *3. Here, there is no indication that the rails malfunctioned or that there was a "malfunction of the employer-provided tool or workplace." See id. Instead, SEMO provided safe tools and a safe work place by equipping the bleachers with rails. There is no question that appropriate tools were furnished since the rails were available for use and that the purpose of those rails was to prevent falling. There is also no evidence in the record that SEMO specifically directed Nolen's co-workers or supervisors to refuse to install the rails. Nolen's injuries were attributable to the transitory risks arising from Respondents' alleged negligence in carrying out the details of the work in that their decision to withhold the rails made an otherwise safe employer-provided tool or workplace unsafe. Accordingly, Respondents are open to liability at common law.

While some of the allegations in Nolen's petition are clearly related to an employer's nondelegable duties, *i.e.*, his allegation that Respondents failed to provide a safe working environment and failed to establish and enforce safety rules and safety policy to clean the bleachers, he also alleges that each Respondent "had a personal duty as [Nolen's] co-employee and/or supervisor to refrain from acts which cause an undue risk of injury to [Nolen] above and beyond the ordinary workplace risks." He further alleges that each Respondent "affirmatively instructed or permitted [Nolen] to mop the bleachers without guard rails" and "affirmatively instructed or permitted [Nolen] to mop the bleachers without guard rails although Plaintiff specifically asked for fall protection, including but not limited to the installation of the guard rails." These are not allegations of a violation of SEMO's nondelegable duty to provide a safe workplace, but rather allegations that Respondents violated a separate and distinct personal duty owed Nolen. These allegations pertain to an unsafe work place resulting from each Respondent's negligence in instructing or permitting Nolen to mop the bleachers without the rails, which was a detail or aspect of the work. Accordingly, Appellant sufficiently asserted violations of Respondents' separate duties of care owed Nolen.

Respondents are open to liability at common law under the facts of this case for their alleged violation of a separate and distinct duty owed Nolen in that they withheld safety equipment provided by their employer. Thus, Respondents are not entitled to judgment as a matter of law, and the trial court erred in granting summary judgment.

Point I is granted. Because Point I is granted, there is no need for us to specifically address Point II wherein Nolen alleges the trial court erred in granting summary judgment on his claims because it based its decision on the "something more" standard rather than the correct common law standard. Nevertheless, we note that we have applied the appropriate common law standard

here and that the Supreme Court of Missouri in <u>Peters</u> held that "[t]o the extent that the 'something more' test required affirmative conduct for the co-employee to be liable and to the extent the post-<u>Taylor</u> 'something more' test required purposeful and dangerous conduct, however, the test conflicts with common law and should not apply to co-employee liability cases arising prior to the 2012 amendments."[3] <u>Peters</u>, 489 S.W.3d at 800.

The case is reversed and remanded for further proceedings in accordance with this opinion.

ROBERT G. DOWD, JR., Judge

Angela T. Quigless, P. J. and
Lisa S. Van Amburg, J., concur.

---

[3]In <u>State ex rel. Taylor v. Wallace</u>, 73 S.W.3d 620, 622-23 (Mo. banc 2002), the Supreme Court of Missouri used the 'something more' test to limit co-employee immunity under workers' compensation and required "purposeful, affirmatively dangerous conduct" on the part of the co-employee to move him outside the protection of the workers' compensation exclusive remedy provisions.