George W. Draper III, Judge, concurring.
While recognizing this Court's opinions regarding the application of the nondelegable duty doctrine in the co-employee liability cases handed down today are limited to actions against co-employees for injuries between 2005 and 2012, I write separately to preserve the right to find co-employee liability in limited circumstances. I believe the principal opinion announces a new standard, expanding the employer's nondelegable duties to any foreseeable act and resulting in a flawed analysis. I concur in the result only.
*329 The principal opinion focuses on whether the action or injury was foreseeable. I maintain the proper analysis begins with ascertaining where the employer's nondelegable duty ends and a co-employee's independent duty begins. Abbott v. Bolton , 500 S.W.3d 288, 292 (Mo. App. E.D. 2016). Missouri law provides an employer owes specific nondelegable duties to its employees. Peters v. Wady Indus., Inc. , 489 S.W.3d 784, 795 (Mo. banc 2016). However, "[t]he employer's duty to provide a safe workplace is not unlimited." Id. If an employer chooses to delegate the performance of its nondelegable duties to an employee, the employer remains liable for any breach of those duties. Id. This Court has enumerated five specific nondelegable duties:
1. The duty to provide a safe place to work.
2. The duty to provide safe appliances, tools, and equipment for work.
3. The duty to give warning of dangers of which the employee might reasonably be expected to remain in ignorance.
4. The duty to provide a sufficient number of suitable fellow servants.
5. The duty to promulgate and enforce rules for the conduct of employees which would make the work safe.
Peters , 489 S.W.3d at 795.
"When the co-employee is performing the employer's nondelegable duty to provide a safe workplace ... liability attaches to the employer, not the co-employee." Parr v. Breeden , 489 S.W.3d 774, 779 (Mo. banc 2016). A co-employee may be liable when the injury resulted "from transitory risks created by the co-employee's negligence in carrying out the details of his or her work." Peters , 489 S.W.3d at 796. Determining whether a co-employee owes a personal duty of care "depends on the particular facts and circumstances of each case." Parr , 489 S.W.3d at 782.
To alter this analysis and replace it with the foreseeability test advocated by the principal opinion automatically would bar recovery for all co-employee liability because it is always foreseeable workplace accidents will occur. Applying a foreseeability test would have barred recovery in prior cases wherein co-employees were found to have breached a personal duty beyond that of an employer's nondelegable duty. This would be in contravention of established caselaw, which finds co-employee liability when the co-employee creates a transitory risk at work. Peters , 489 S.W.3d at 796.
Under the principal opinion's new analysis, it is clear co-employee liability would not merely be limited, it would be eliminated. For example, in Burns v. Smith , 214 S.W.3d 335, 336-38 (Mo. banc 2007), this Court found a supervisor personally liable for injuries an employee sustained when a water pressure tank on the side of a concrete truck exploded after the supervisor directed the employee to "[r]un it till it blows" because it created an additional danger beyond the normal job-specific work environment. However, under the principal opinion's foreseeability test, the supervisor would not have been held liable because one could foresee welding under pressure resulting in an explosion. In Tauchert v. Boatmen's National Bank of St. Louis , 849 S.W.2d 573, 574 (Mo. 1993), this Court found the supervisor's act of creating a make-shift hoist system to raise an elevator he and the employee were inspecting created a hazardous condition that was "not merely a breach of an employer's duty to provide a safe place to work." Under the principal opinion's foreseeability test, it could be foreseeable an elevator may drop while an employee works on top of it. In *330 Marshall v. Kansas City , 296 S.W.2d 1, 2-3 (Mo. 1956), this Court found co-employee liability based upon an employee's negligence in carrying out the details of the work after the co-employee straightened out a long hose attached to the machine provided by the employer to complete the job and tripped another employee, who sustained injuries. Id. at 2. Under the principal opinion's foreseeability test, it could be foreseeable that any attempt by a co-employee to straighten a long hose stretched across a workplace would pose a tripping hazard. In Pavia v. Childs , 951 S.W.2d 700, 701-02 (Mo. App. S.D. 1997), the court found co-employee liability when a supervisor directed an employee to stand on a wooden pallet and then the supervisor lifted the pallet and the employee fifteen feet into the air to retrieve items in the store's warehouse. The employee fell and sustained serious injuries. Id. Under the principal opinion's foreseeability test, it would be foreseeable that retrieving stacked items from high warehouse shelving could result in a fall.
"When the co-employee is performing the employer's nondelegable duty to provide a safe workplace ... liability attaches to the employer, not the co-employee." Parr , 489 S.W.3d at 779. In both of these cases, the co-employees merely failed to carry out the details of their work as instructed by the employers. Accordingly, I concur in the result only.