Patricia Breckenridge, Judge
While driving a commercial motor vehicle for his employer, Kevin Parr was killed when his truck was involved in a single-vehicle accident. Mr. Parr’s two children and father (plaintiffs) brought a wrongful death action against three of Mr. Parr’s supervisory co-employees — Charles Bree-den, Wendy Cogdill, and Melany Buttry (defendants).[1] The circuit court entered judgment on the defendants’ motion for summary judgment. On appeal, the plaintiffs assert that the circuit court erred in granting judgment in favor of the defendants because there exists a genuine dispute of material fact as to the defendants’ negligence as well as to whether the defendants breached duties that arose from federal regulations that are separate and distinct from the employer’s nondelegable duty to provide a safe workplace for all employees. This Court finds that the duties the plaintiffs allege the defendants owed to Mr. Parr were part of their employer’s nondelegable duty to provide a safe workplace. Further, federal regulations do not prove the existence of a personal duty separate and distinct from the employer’s nondelegable duty to provide a safe workplace. Because the plaintiffs failed to establish that defendants owed Mr. Parr a duty separate and distinct from the employer’s nondelegable duty to pro *777 vide a safe workplace, this Court affirms the circuit court’s grant of summary judgment. •
Factual and Procedural Background
From June 2006 to his death, Mr. Parr was employed by Breeden Transportation, Inc., as a truck driver. During his employment, Mr. Parr was involved in three single-vehicle accidents. The first accident occurred in December 2006. On November. 2, 2007, a medical examiner certified Mr. Parr as physically fit to operate a commercial motor vehicle, and Mr. Parr was given a two-year certification. . Six months later, on April 11, 2008, Mr. Parr was involved in his second single-vehicle accident. Then, on April 28, 2008, Mr. Parr was involved in a fatal single-vehicle accident when the commercial motor vehicle he was driving left the road.
On April 16, 2010, the plaintiffs filed a suit for wrongful death against Mr. Bree-den, president of Breeden Transportation, Ms. Cogdill, and Ms. Buttry.[2] In their second amended petition, the plaintiffs allege that the defendants “had a duty to provide a safe working environment to Kevin Parr, to monitor the physical condition of Kevin Parr to determine whether he was fit to drive a tractor-trailer, and to determine whether Kevin Parr was in compliance with Federal Motor Carrier Safety Administration Regulations.”
The defendants filed a motion for summary judgment, asserting that the uncon-troverted facts show they did not breach their duty to provide a safe working environment and, alternatively, that the plaintiffs’ petition fails to state a cause of action for negligence because it does not allege that the defendants committed an affirmative act outside the scope of an employer’s nondelegable duty to provide a safe workplace. In response, the plaintiffs asserted that the defendants breached their duty to Mr. Parr by: (1) keeping Mr. Parr on the road without a medical evaluation following his April 11, 2008 accident; (2) failing to inquire into whether Mr. Parr had a health condition that would have contributed to his two prior single-vehicle accidents; and (3) placing Mr. Parr back on the road when they knew or should have known that Mr. Parr was not safe to operate a motor vehicle. The plaintiffs submitted Mr. Parr’s November 2, 2007 health report indicating that he smoked and was overweight and other evidence showing that, at the time of the fatal accident, Mr. Parr was .suffering from severe coronary artery disease, diabetes,, obesity, and probable sleep apnea and had a prescription for an anti-diabetic drug. The plaintiffs also submitted portions of deposition testimony in which each of the defendants admitted to being partly responsible for making sure each of Breeden Transportation’s drivers were safe to operate a commercial motor vehicle. The. circuit court sustained the defendants’ motion for summary judgment and entered judgment for the defendants.[3]
The plaintiffs appealed to the court of appeals, and .the majority affirmed the cir- *778 cult court’s judgment' The dissenting judge certified the case for transfer to this Court.[4] Mo. Const, art. V, sec. 10.
Standard of Review
Summary judgment is proper when the moving party demonstrates there is no genuine dispute about material facts and, under the undisputed facts, the moving party is entitled to judgment as a matter of law. Rule 74.04(c)(6); ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp., 854 S.W.2d 871, 380 (Mo. banc 1993). A defending party can demonstrate entitlement to summary judgment by showing: (1) facts negating any of the claimant’s necessary elements; (2) the claimant, after an adequate period of discovery, has been unable, and will not be able, to produce evidence sufficient to allow the trier of fact to find the existence of any one of the claimant’s elements; or (3) there is no genuine dispute of the existence of facts required to support the defending party’s properly pleaded affirmative defense. ITT Commercial, 854 S.W.2d at 381. This Court’s review of summary judgment is de novó. Roe v. Replogle, 408 S.W.3d 759, 763 (Mo. banc 2013).
Failure to Show Düty Separate and Distinct from Employer’s Nondelegable Duties
On appeal, the plaintiffs raise two points: (1) the circuit’court erred in granting summary judgment because genuine disputes of material fact exist as to the defendants’ negligence in. that the defendants admitted they had a duty to ensure all of Breeden Transportation’s drivers were safe to operate a commercial motor vehicle, the defendants knew or ■ should have known Mr. Parr could not safely operate a commercial motor vehicle, the defendants caused Mr. Parr’s death by placing him on the road the night of the fatal accident, and the plaintiffs suffered damage as a result of Mr. Parr’s death; and (2) the circuit court erred’in entering summary judgment because there was a genuine dispute of material fact as to whether the defendants breached their duties, separate and apart from the employer’s nondel-egable duties,- that arose from federal regulations. Because both points involve the question of whether the defendants owed Mr. Parr a duty and that issue is disposi-tive of this appeal, the arguments in the two points will be considered together.
The plaintiffs’ wrongful death action arises from Mr. Parr’s fatal accident, which the plaintiffs’ allege was caused by the defendants’ negligence. Though Mr. Parr’s fatal 2008 accident occurred in the course of his employment, the plaintiffs are not precluded under the workers’ compensation law from bringing a common law action for negligence against Mr. Parr’s co-employees if they can show the co-employees owed a duty separate and distinct from the employer’s nondelegable duties. Peters v. Wady Indus., Inc., 489 S.W.3d 784, 2016 WL 3180586 (Mo. banc 2016) (No. SC94442).[5] “In any action for negligence, the' plaintiff must establish that (1) the defendant had a duty to the plaintiff; (2) the-defendant failed to perform that duty; and (3) the defendant’s breach was the proximate cause of the plaintiffs injury.” Martin v. City of Washington, 848 S.W.2d 487, 493 (Mo. banc 1993). The *779 element at issue in this case is the existence of a duty owed by the defendants to Mr. Parr.
Under the common law, an employee may be liable for injuries to another employee caused by a breach of a duty of care owed by the employee independent of the master-servant relationship. Peters, 489 S.W.3d 784 (Mo. banc 2016) (No. SC94442); Lambert v. Jones, 339 Mo. 677, 689, 98 S.W.2d 752 (1936). “In other words, the liability of the servant or agent ... results from the breach of a duty owed to the third party under the law, which makes him liable without regard to whether he is the servant or agent of another or not.” Ryan v. Standard Oil Co. of Indiana, 144 S.W.2d 170, 173 (Mo.App.1940).
When the co-employee is performing the employer’s nondelegable duty to provide a safe workplace, however, liability attaches to the employer, not the co-employee. Bender v. Kroger Grocery & Baking Co., 310 Mo. 488, 276 S.W. 405, 406 (1925). The employer’s duty to provide a safe workplace is continuing, Bender, 276 5.W. at 408, and includes specific duties relating to keeping employees safe:
1. The duty to provide a safe place to work.
2. The duty to provide safe appliances, tools, and equipment for work.
3. The duty to give warning of dangers of which the employee might reasonably be expected to remain in ignorance.
4. The duty to provide a sufficient number of suitable fellow servants.
5.The duty to promulgate and enforce rules for the conduct of employees which would make the work safe.
W. Keeton, Prosser and Keeton on the Law of Torts, section 80 at 569 (5th ed. 1984); see Kelso v. W.A. Ross Const. Co., 337 Mo. 202, 85 S.W.2d 527, 534-36 (1935); Schaum v. Sw. Bell Tel. Co., 336 Mo. 228, 78 S.W.2d 439, 442 (1934).
In their response to the defendants’ motion for summary judgment, the plaintiffs asserted the defendants “had a duty to insure that every driver that drove for Breeden Transportation was safe to operate a commercial motor vehicle” and had a duty under federal regulations to disqualify a driver who may be suffering from a condition that would impair the driver’s ability to safely operate a commercial motor vehicle. These duties fall squarely within the Breeden Transportation’s duty to provide a safe workplace.
The plaintiffs contend that, by the defendants’ own admissions and pursuant to the Federal Motor Carrier Safety regulations, the duty to ensure drivers were safe to operate commercial motor vehicles belonged to defendants personally and were not a part of Breeden Transportation’s duty to provide a safe workplace. To support their argument regarding admissions, the plaintiffs rely on the defendants’ deposition testimony in which each testified that he or she had an ongoing duty to make sure that drivers for Bree-den Transportation were safe to operate commercial motor vehicles. The existence of a duty is purely a question of law. Hoffman v. Union Elec. Co., 176 S.W.3d 706, 708 (Mo. banc 2005). Courts are not bound by stipulations or concessions as to questions of law.[6] La-Z-Boy Chair Co. v. *780 Dir. of Economic Development, 983 S.W.2d 523, 525 (Mo. banc 1999); see also Burns v. Black & Veatch Architects, Inc., 854 S.W.2d 450, 453 (Mo.App. 1993). Furthermore, admissions of the existence of a duty -within the context of the defendants’ understanding of their respective job responsibilities at Breeden Transportation do not prove the existence of a duty owed by defendants separate and distinct from Breeden Transportation’s nondelegable duty to provide a safe workplace.
The plaintiffs’ assertion that federal regulations impose duties on the defendants separate and distinct from an employer’s nondelegable duty to provide a safe workplace is also without merit. The Federal Motor Carrier Safety Regulations prohibit a motor earner, such as Breeden Transportation, from allowing a driver to operate a commercial motor vehicle when the driver is not physically qualified, which requires the driver to not have a history of or be currently diagnosed with certain medical conditions, including diabetes and cardiovascular disease. 49 C.F.R. sections 391,11 and 391.41(b) (2014). Further, a motor vehicle carrier cannot permit a driver to operate a commercial motor vehicle when the driver’s ability to drive is impaired by fatigue, illness, or any other condition. 49 C.F.R. section 392.3.[7] Pursuant to 49 U.S.C. section 31135(a) (2012), each employer and employee must comply with the Federal Motor Carrier Safety regulations. Additionally, 49 C.F.R. section 392.1 provides: “Every motor carrier, its officers, agents, representatives, and employees responsible for the management, maintenance, operation, or driving of commercial motor vehicles, or the hiring, supervising, training, assigning, or dispatching of drivers, shall be instructed in and comply with the rules in this part.” The plaintiffs argue that because the duties under the federal regulations to ensure safe and qualified drivers are imposed on employees of motor carriers, the defendants personally owed Mr. Parr the duty to ensure he was a safe to operate a commercial motor vehicle.
In support of their argument that federal regulations imposed a duty on the defendants separate and distinct from their employer’s nondelegable duty to provide a safe workplace, the plaintiffs rely on McHaffie by & through McHaffie v. Bunch, 891 S.W.2d 822 (Mo. banc 1995), and Payne v. Cornhusker Motor Lines, Inc., 177 S.W.3d 820 (Mo.App. 2005). These cases merely stand for the proposition that federal regulations may be admitted as evidence of a defendant’s duty or breach of that duty in a negligence case.[8] McHaffie, 891 S.W.2d at 828; Payne, 177 S.W.3d at 830. See also Giddens v. Kansas City S. Ry. Co., 29 S.W.3d 813, 821 (Mo. banc 2000). The cases do not hold that evidence of a duty imposed by a federal regulation is sufficient proof of the *781 existence of an independent, personal duty in a negligence action.
This Court recognizes that violations of statutes and administrative rules may constitute negligence per se. Fields v. Missouri Power & Light Co., 374 S.W.2d 17, 30-31 (Mo. 1963); Goudeaux v. Bd. of Police Com’rs of Kansas City, 409 S.W.3d 508, 512-13 (Mo.App. 2013). The rationale behind this principle is that the statute or rule is a legislative or administrative pronouncement of the standard of care; therefore, a violation of the statute or rule constitutes a breach of the duty of care. Goudeaux, 409 S.W.3d at 513. The plaintiffs did not bring a claim of negligence per se, however, because they did not specifically plead in their petition the essential elements of a negligence per se claim, including that defendants violated a specific statute or regulation and that the injury complained of was the kind the statute or regulation was designed to prevent. See Dibrill v. Normandy Assocs., Inc., 383 S.W.3d 77, 84-85 (Mo.App. 2012).
Moreover, cases finding negligence per se do not support the argument proffered by the plaintiffs that a safety rule in a regulation imposes a duty separate and distinct from an employer’s nondelegable duty to provide a safe workplace. As plaintiffs admit, the Federal Motor Carrier Safety regulations were promulgated pursuant to 49 U.S.C. sections 31131 to 31151, which were enacted, in part, “to minimize dangers to the health of operators of commercial motor vehicles.” See 49 U.S.C. 31131(a)(2). Therefore, the duty to follow and enforce these federal safety regulations results from the master-servant relationship and would be part of the employer’s nondelegable duty to follow and enforce rules of conduct designed to keep employees safe. Kelso, 85 S.W.2d at 535; Prosser and Keeton on the Law of Torts, section 80 at 569.
Notwithstanding that the only duties the plaintiffs allege were owed by defendants are the nondelegable duties of Breeden Transportation, the plaintiffs argue summary judgment was not proper because the existence of a duty depends on a factual issue that must be resolved first. The plaintiffs rely on Leeper v. Asmus, in which the court of appeals concluded that “before a court can determine whether a co-employee owes a duty in negligence at common law (a question of law), it must first be determined whether the workplace injury is attributable to the employer’s breach of a nondelegable duty, a question of fact unique to the workplace.... ” 440 S.W.3d 478, 488 (Mo.App. 2014). In holding that the existence of a co-employee’s duty depends on the factual inquiry of whether the injury was caused by an employer’s breach of a nondelegable duty, the court in Leeper relied on this Court’s analysis in Kelso, 85 S.W.2d at 534. The Leeper court concluded that Kelso stands for the proposition that it is “for the jury to first determine whether the workplace injury could be attributed to the employer’s breach of nondelegable duties” and that “resolution of that issue would control whether the co-employee could be hable in negligence.” 440 S.W.3d at 486. The Leeper court’s conclusion, however, is inconsistent with this Court’s analysis in Kelso.
Kelso involved an employee’s negligence action against the employer. 85 S.W.2d at 529-30. On appeal, the employer argued its demurrer to the evidence[9] should have *782 been sustained because it could not be held liable for the 'employee’s injuries in that the employee’s injuries were caused by the negligence of a co-employee; Id. at 534. In determining that the trial court correctly overruled the employer’s demurrer to the evidence, the Court explained that providing a safe method of work is included in the employer’s nondelegable duty to provide a safe workplace. Id. at 535. The Court then found that whether the employer breached that duty “was a question for the jury.” Id. In so stating, the Court did not hold that the existence of a co-employee’s duty depended upon the jury’s resolution of whether the employer breached its nondelegable duty but, instead, held that there was sufficient evidence in the record from which a jury could find that such a breach had occurred. Id at 536-37.
Unlike Kelso, where the issue was whether there was sufficient evidence to find that an employer breached its non-delegable duty to provide a safe workplace, the issue in the present case is whether defendants owed their co-employee a duty that was separate and distinct from their employer’s nondelegable duties. It is well-established that the existence of a duty is purely a question of law. Hoffman, 176 S.W.3d at 708; Kibbons v. Union Elec. Co., 823 S.W.2d 485, 489 (Mo. banc 1992); Aaron v. Havens, 758 S.W.2d 446, 447 (Mo. banc 1988). Whether a personal duty exists depends on the particular facts and circumstances of each case. Risher v. Golden, 182 S.W.3d 583, 587 (Mo.App. 2005). Here, the plaintiffs’ evidence fails to establish that defendants owed Mr. Parr a duty separate and distinct from the employer’s nondelegable duty to provide a safe workplace. Accordingly, the plaintiffs cannot establish that the defendants owed Mr. Parr a duty as a matter of law; therefore, the circuit court did not err in entering summary judgment in favor of the defendants..
Conclusion
To maintain a negligence action against a co-employee, .a plaintiff must show that the co-employee breached a duty separate and distinct from the. employer’s nondele-gable duty to provide a safe workspace for all employees. In this case, the duties the plaintiffs asserted were breached were not separate and distinct from Breeden Transportation’s nondelegable duty to provide a safe workplace.. Neither .the defendants’ admissions, that they were responsible for the safety of Breeden Transportation’s drivers or the federal regulations requiring employee^ to ensure the safety of the drivers impose a separate and distinct duty on the defendants when those duties are part of ...the employer’s nondelegable duty to provide a safe workplace. Therefore, summary judgment in favor of defendants was proper. This Court affirms the circuit court’s judgment.
Stith, Draper and Russell, JJ., concur;
Fischer, J., concurs in result in separate opinion filed;
Wilson, J., concurs in result in separate opinion filed;
Teitelman, J., dissents- in separate - opinion filed.

. The pleadings spell Ms. Buttry's first name as "Melanie,” which defendants state is incorrect. In an affidavit signed by Ms. Buttry, Ms. Buttry’s first name is spelled "Melany.”

. The summary judgment record does not clearly show Ms. Codgill’s and Ms. Buttry’s positions at Breeden Transportation. The second amended petition states Ms. Cogdill is the director of safety and that Ms. Buttry is a dispatcher for Breeden Transportation responsible for assigning driving duties to Mr. Parr. Ms. Cogdill and Ms. Buttry denied those allegations.

. The circuit court sustained the defendants’ motion for summary judgment in a docket entry without stating the grounds for its decision. The plaintiffs moved to alter, amend, modify, correct, and reconsider the judgment or grant a new trial. The circuit court overruled their motion in a docket entry. Following a request by the plaintiffs, the circuit court entered a separate document labeled "Final Judgement” on March 4, 2013.

. The majority opinion for the court of appeals held that Leeper v. Asmus,, 440 S.W.3d 478 (Mo.App.2014), did not control resolution of the issues presented on appeal.. The dissenting judge certified the case for transfer on the belief that Leeper requires reversal of the circuit court’s judgment in this case.

. Peters was decided and handed down on the same date as the present case.

. The plaintiffs rely on Richey v. Phillips, in which the court of appeals found the defendant admitted to having a duty and that the injury was foreseeable. 259 S.W.3d 1, 13 (Mo.App. 2008). The court held that when the defendant admits to foreseeing a risk of injury, a directed verdict for the defendant is not appropriate. Id. To the extent Richey was merely attempting to address whether defendant had admitted facts sufficient to prove an *780 element of plaintiff’s claim, it was not in error, but to the extent Richey can be read as holding that an admission of duty is binding on a court where the law would not otherwise impose a duty, it is overruled.

. The plaintiffs also rely on 49 C.F.R. section 390.15 as requiring a motor carrier to perform an investigation of an accident involving its vehicle or driver. Section 390.15 requires a motor carrier to assist in investigations pertaining to accidents by providing certain information but does not, as the plaintiffs contend, impose á duty on the motor carrier to independently investigate accidents.

, In fact, the court of appeals in Payne relied on Kinney v. Metropolitan St. Ry. Co., 261 Mo. 97, 169 S.W. 23 (1914). 177 S.W.3d at 838. In Kinney, this Court distinguished between allowing an ordinance to be admitted as evidence of a duty and finding a duty was imposed solely by reason of the ordinance. 169 S.W. at 26.

. A “demurrer to evidence” is an objection by a party "that the evidence is legally insufficient to make a case.” Black’s Law Dictionary 526 (10th ed. 2014). Section 510.280, RSMo 2000, provides: “The demurrer to the evidence ... [is] abolished and in lieu thereof a party may make a motion for directed verdict.” Therefore, under Missouri law, mo *782 tions for directed verdict are now used-in lieu of demurrers to the evidence.