

# Missouri Court of Appeals

## Southern District

### Division One

RUSSELL EVANS, )
)
        Appellant, )
)
  vs. )    No. SD33209
)
RON WILSON and MONTE BARRETT, )    FILED: September 19, 2016
)
        Respondents. )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Michael J. Cordonnier, Judge

### AFFIRMED

We consider co-employee liability for a workplace injury in 2009, when "an injured employee could maintain a cause of action recognized by common law against a co-employee." ***Peters v. Wady Industries, Inc.***, 489 S.W.3d 784, 787 (Mo. banc 2016).[1] Because Evans pleaded and developed facts "establishing only

---

[1] We stayed these proceedings pending handdowns in ***Peters*** and a companion case, ***Parr v. Breeden***, 489 S.W.3d 774 (Mo. banc 2016), then invited the parties to file further suggestions in light of those decisions prior to oral argument. This opinion cites several cases partially overruled by ***Peters*** or ***Parr*** but not otherwise conflicting therewith. We cite these cases for legal principles unaffected by ***Peters*** or ***Parr*** and will not further note the latter cases' impact thereon.

duties that are a part of the employer's nondelegable duty to provide a safe workplace" (*id*.), as opposed to "a duty separate and distinct from the employer's nondelegable duties" (*id*. at 796), we affirm the summary judgment entered in favor of co-employee Barrett.[2]

## Background

The essential facts are not in dispute. Evans and Barrett were co-employed constructing apartments. Barrett, driving a forklift, was moving a load of trusses. Evans walked ahead and to the side of the forklift, holding a tag line connected to both the forklift and trusses to stabilize the load as it moved.

According to Evans, Barrett negligently drove the forklift over a rock, causing the load to shift and pull Evans toward the forklift, which struck him and ran over his foot.

Evans sued Barrett, alleging that Barrett had not been licensed, certified, or "adequately trained to drive a forklift"; that Barrett's direct supervisor (and company president) knew all these deficiencies, yet "ordered" Barrett to operate the forklift near Evans and other workers; that Barrett was negligent "[i]n operating a vehicle he was not trained to operate" and in other respects; all resulting in injury to Evans.

The trial court eventually granted Barrett summary judgment, ruling that safe forklift operation fell within the employer's nondelegable duty to provide a safe working environment, and finding that Evans had alleged no duty independent of the employer's nondelegable duty. Evans appeals.

---

[2] Evans does not appeal the summary judgment granted to defendant Wilson, the company president and Barrett's direct supervisor.

## Co-Employee Liability – Relevant Principles

As in any negligence claim, Evans must establish that Barrett owed (and breached) a duty to Evans. ***Parr***, 489 S.W.3d at 778. Whether a duty exists may hinge on particular facts, but "is purely a question of law." ***Id***. at 782.

Recent explications on co-employee workplace duties include ***Peters***, ***Parr***, and ***Leeper v. Asmus***, 440 S.W.3d 478 (Mo.App. 2014), from which we summarize observations relevant to this case:

- At common law, employees are liable to co-employees "for breaches of a duty owed independently of the master-servant relationship—that is, a duty separate and distinct from the employer's nondelegable duties." ***Peters***, 489 S.W.3d at 796.

- But an employee's personal duties to co-employees do *not* include the employer's nondelegable common-law safety duties to provide a safe workplace, safe equipment, a sufficient number of suitable co-workers, etc. ***Id***.; ***Parr***, 489 S.W.3d at 779.

- Any failure to perform one of the employer's nondelegable duties rests with the employer, not the employee. ***Leeper***, 440 S.W.3d at 484.

- "Thus, at common law, co-employees were not chargeable in negligence for injuries attributable to the employer's breach of a nondelegable duty." ***Id***.

- It follows that "an employer and a co-employee cannot be jointly and severally liable in negligence for a workplace injury." ***Id***. at 496 n.16.

- "If a workplace injury is attributable in any manner to the employer's breach of its non-delegable duties, then a co-employee can owe no duty of care in negligence and the co-employee's negligence is chargeable to the employer." ***Id***.[3]

---

[3] As carefully and painstakingly demonstrated in ***Hansen v. Ritter***, 375 S.W.3d 201, 210-18 (Mo.App. 2012). *See also* ***Peters***, 489 S.W.3d at 795 (citing ***Hansen***).

## Analysis

Summary judgment was proper for at least three reasons. First, Evans's allegations that the employer's supervisor (and company president) knowingly ordered Barrett to operate work machinery without adequate training, etc., describe a violation of the *employer's* nondelegable duties of safety. Barrett thus "can owe no duty of care in negligence and [his] negligence is chargeable to the employer." *Id*. As stated nearly a century ago:

> The [employer] was liable for the negligent performance of any act directed by it to be performed by any employee, whether of high or the most lowly degree, which affected the safety of that [work]place. The duty of exercising ordinary care to keep such place reasonably safe was a continuing and nondelegable duty. For the negligent act of the employee, to whom such duty was assigned, the [employer] is liable.

***Bender v. Kroger Grocery & Baking Co.***, 276 S.W. 405, 408 (Mo. 1925). Or per ***Peters*** just this year: "The allegations in the petition were that [Barrett] was ordered and directed to conduct work in the allegedly unsafe manner in the course of business. These allegations distinguish this case from instances in which a co-employee negligently carried out some detail or aspect of his work." 489 S.W.3d at 800.

Next, so-called "something more" cases are correct to the extent they require, for co-employee liability, something more than an alleged failure to fulfill the employer's nondelegable duty to provide a safe workplace. *Id*. at 797.[4] Yet Evans's bad-driving allegations "allege nothing more than a failure to provide a safe working

---

[4] The "something more" test and cases are more fully described in ***Peters***, 489 S.W.3d at 796-98.

4

environment." ***State ex rel. Taylor v. Wallace***, 73 S.W.3d 620, 622 (Mo. banc 2002).[5] "A simple allegation of negligent driving by a co-employee ... is not 'something more' than an allegation of a breach of the duty to maintain a safe working environment." *Id*. at 622-23. Our court of appeals has followed this high-court dictate. "A simple allegation of negligent operation of machinery or a vehicle is not 'something more' than an allegation of a breach of duty to maintain a safe working environment." ***Nowlin ex rel. Carter v. Nichols***, 163 S.W.3d 575, 580 (Mo.App. 2005)(citing ***Taylor***). "The cases reach this result by concluding that an employee's duty to drive safely is merely an extension of the duty to maintain a safe work environment." ***State ex rel. Larkin v. Oxenhandler***, 159 S.W.3d 417, 422 (Mo.App. 2005). More recently and forcefully, our Eastern District declared:

> [W]e hold that a co-employee owes to a fellow employee no common-law duty to exercise ordinary care and safety requiring the co-employee to refrain from operating a vehicle in a negligent manner when driving in the course of his work. As a matter of law, that responsibility is subsumed within an employer's nondelegable duty to provide a safe working environment.

***Carman v. Wieland***, 406 S.W.3d 70, 79 (Mo.App. 2013).[6]

Finally, risks attendant to performing the employer's work as directed are "necessarily subsumed within the employer's nondelegable duties, and cannot

---

[5] ***Taylor*** was partially overruled in another respect in ***McCracken v. Wal-Mart Stores East, LP***, 298 S.W.3d 473, 478-79 (Mo. banc 2009).

[6] We are puzzled by our colleagues' failure to acknowledge their quoted ***Carman*** holding or our supreme court's ***Taylor*** ruling in two seemingly contrary decisions last month. *See* ***Fowler v. Phillips***, No. ED100801 (Mo.App. E.D. Aug. 23, 2016); ***Abbott v. Bolton***, No. ED100773 (Mo.App. E.D. Aug. 2, 2016). We are bound to follow ***Taylor***, as our supreme court's most recent controlling decision, until that court directs otherwise.

support an independent personal duty owed by a co-employee." ***Leeper***, 440 S.W.3d at 485; *see also* ***Peters***, 489 S.W.3d at 787, 796.  Evans, tasked as tag-line man to stabilize trusses being moved, was injured from the known risk that loads may and do shift during the usual and necessary process of workplace transit.

## Conclusion

"To maintain a negligence action against a co-employee, a plaintiff must show that the co-employee breached a duty separate and distinct from the employer's nondelegable duty to provide a safe workspace for all employees." ***Parr***, 489 S.W.3d at 782.  "In this case, the duties [Evans] asserted were breached were not separate and distinct from [the employer's] nondelegable duty to provide a safe workplace." ***Id***.  The petition could have been dismissed for failure to state a claim (***Peters***, 489 S.W.3d at 800) and was properly ruled against Evans on summary judgment. ***Parr***, 489 S.W.3d at 776-77, 782.  Judgment affirmed.


DANIEL E. SCOTT, J. – OPINION AUTHOR

JEFFREY W. BATES, P.J. – CONCURS

WILLIAM W. FRANCIS, JR., J. – CONCURS