

# In the Missouri Court of Appeals
## Eastern District
### DIVISION FOUR

| | | |
|---|---|---|
| BARBARA MILLER, AS GUARDIAN OF | ) | No. ED107055 |
| JAMELA PERRY, SISTER OF DECEASED, | ) | |
| JAMES QUINN, | ) | Appeal from the Circuit Court |
| Appellant, | ) | of St. Louis County |
| vs. | ) | |
| | ) | Honorable John D. Warner, Jr. |
| FRED BUCY AND KASEY BAKER, | ) | |
| | ) | |
| Respondents. | ) | FILED: February 15, 2022 |

### Introduction

Barbara Miller ("Miller") appeals from the circuit court's judgment dismissing her First Amended Petition (the "Petition") against Fred Bucy ("Supervisor") and Kasey Baker ("Driver") (collectively, "Co-Employees") for the wrongful death of James Quinn ("Quinn"). Co-Employees moved to dismiss the wrongful-death claim on the basis that Section 287.120.1[1] of the Workers' Compensation Law (the "Act") prevented Miller from holding them personally liable for breaches of the employer's nondelegable duties of care to Quinn. The circuit court granted Co-Employees' motion to dismiss the Petition. In two points on appeal, Miller argues the circuit court erred in granting dismissal because the Petition sufficiently alleged that Co-Employees owed Quinn personal duties of care, separate and distinct from the nondelegable duties of care owed by the employer. Because the Petition fails to state a claim for common law

---

[1] All statutory references are to RSMo (Cum. Supp. 2012), unless otherwise indicated.

liability outside the employer's nondelegable duty to provide a safe work environment, we affirm the judgment of the circuit court.

Factual and Procedural History

We take as true the facts alleged in the Petition. The Petition alleges that Curbside Cart Master ("Employer") employed Quinn in the business of assembling and delivering trash and recycling cans. On March 24, 2017, Quinn was killed while working on Employer's truck. Supervisor told Quinn to ride in the back of the truck, which contained unsecured trashcans full of rainwater, some of which were on wheels. Supervisor and Driver instructed Quinn not to tie down or secure the trashcans. The truck's trailer gate was broken, leaving the trailer open and exposed. Quinn had no protective headgear. Driver, who had no commercial driver's license, drove the truck at a high rate of speed. As Driver made a left turn, the unsecured trashcans knocked Quinn from the truck onto the street. Quinn died from his injuries.

Miller brought a wrongful-death claim against Co-Employees. The Petition[2] alleged Supervisor acted outside Employer's nondelegable duties and engaged in affirmative negligent acts which purposefully and dangerously caused or increased the risk of Quinn's death in the following ways:

> (a) [Supervisor] negligently and affirmatively required or instructed his employees, including Quinn, to not secure the trash cans in the trailer in violation of [Section] 307.010, [RSMo, (2016)] which expressly forbids traveling with an unsecured load . . . and [Employer] policy;
> (b) [Supervisor] negligently and affirmatively instructed, directed, and required employees, including Quinn, to ride in the back o[f] the trailer while transporting an unsecured load contrary to [Employer] policy and Missouri law;
> (c) [Supervisor] negligently and affirmatively instructed, directed, and required his employees, including Quinn, to not tie down trashcans in the trailer contrary to [Employer] policy;

---

[2] Co-Employees moved to dismiss Miller's original petition for failure to state a claim upon which relief could be granted, and the circuit court granted Miller leave to amend the petition. Miller filed her First Amended Petition on March 5, 2018.

2

(d) [Supervisor] negligently and affirmatively required or instructed his employees, including Quinn, to ride with an open and broken trailer gate contrary to [Employer] policy;

(e) [Supervisor] negligently and affirmatively permitted his employees, including Quinn, to not wear hard hats or other head protection in violation of [Employer] policy; and

(f) [Supervisor] instructed, directed, and required employees to work in the back of a trailer with unsecured trash cans, not tied down or fastened and full of water, with the back of the trailer open, and without head protection—all in violation of [Employer] [p]olicy.

The Petition alleged Driver acted outside Employer's nondelegable duties and engaged in affirmative negligent acts which purposefully and dangerously caused or increased the risk of Quinn's death in the following ways:

(a) [Driver] negligently and affirmatively drove a commercial vehicle without a commercial vehicle license as required by and in violation of Section 302.724 and [Employer] policy;

(b) [Driver] negligently and affirmatively required and instructed Quinn and other co[-]employees to not secure or tie down the trash cans in the trailer in violation of [Section] 307.010 [RSMo, (2016)] . . . and [Employer] policy;

(c) [Driver] negligently and affirmatively drove too fast around a corner with other employees, including Quinn, in the back of a towed trailer with an unsecured load;

(d) [Driver] negligently and affirmatively drove and towed a trailer with an open and broken gate with Quinn riding in the back; and

(e) [Driver] negligently and affirmatively drove, while other employees, including James Quinn, rode in the trailer without hard hat[s] or other head protection.

Co-Employees moved to dismiss the Petition for failure to state a claim upon which relief could be granted on the basis that the Act prevents Miller from holding them personally liable for breaches of the employer's nondelegable duties of care to Quinn. The circuit court granted Co-Employees' motion to dismiss.

This appeal followed. We took the case under submission following the Supreme Court of Missouri's decision in Brock v. Dunne, No. SC97542, 2021 WL 5217031 (Mo. banc Nov. 9, 2021).

3

## Points on Appeal

Miller brings two points on appeal attributing the same point of error as to the dismissal of the wrongful-death claim against Supervisor in Point One and Driver in Point Two. Miller argues the circuit court erred in dismissing the Petition against Co-Employees because it sufficiently alleged that Co-Employees owed Quinn personal duties of care, separate and distinct from the nondelegable duties of care owed by Employer to Quinn and that Co-Employees are not shielded from liability under the Act because they engaged in affirmative negligent acts that purposefully and dangerously caused or increased the risk of death to Quinn.

## Standard of Review

We review de novo a circuit court's judgment granting a motion to dismiss a petition for failure to state a claim upon which relief may be granted. Peters v. Wady Indus., Inc., 489 S.W.3d 784, 788 (Mo. banc 2016) (internal citation omitted). "A motion to dismiss for failure to state a claim tests the adequacy of a plaintiff's petition." Id. at 789 (internal quotation omitted). "When considering whether a petition fails to state a claim upon which relief can be granted, [we] must accept all properly pleaded facts as true, giving the pleadings their broadest intendment, and construe all allegations favorably to the pleader." Id. (internal quotation omitted).

We review the petition to determine whether the facts, if proven, would entitle the plaintiff to relief under the law. Id. (internal citation omitted). "When the circuit court does not specify its reasons for dismissing a plaintiff's petition, this Court presumes the circuit court's dismissal was based on one of the reasons stated in the motion to dismiss." Tuttle v. Dobbs Tire & Auto Ctrs., Inc., 590 S.W.3d 307, 310 (Mo. banc 2019) (internal citation omitted). "The circuit court's dismissal will be affirmed if justified on any ground advanced in the motion to dismiss." Id. (quoting Armstrong Trotwood, LLC v. State Tax Comm'n, 516 S.W.3d 830, 835

4

(Mo. banc 2017). Additionally, the interpretation of the Act and duties owed by employers and co-employees are also questions of law subject to de novo review. Peters, 489 S.W.3d at 789.

## Discussion

Co-Employees moved to dismiss the Petition for failure to state a claim upon which relief could be granted on the basis that the Act prevents Miller from holding them personally liable for breaches of the employer's nondelegable duties of care to Quinn. Because the circuit court did not specify its reasons for dismissing the negligence claims raised in the Petition, we may presume the dismissal was based on one of the reasons stated in the motion to dismiss and may affirm on any grounds therein. See Tuttle, 590 S.W.3d at 310 (internal citation omitted).

Assuming arguendo that the Petition adequately pleaded co-employee negligence under the immunity exception of the Act, we consider whether the Petition states a cause of action for common law liability separate and distinct from Employer's nondelegable duty to provide a safe workplace. See Brock, 2021 WL 5217031, at *6 (internal citation omitted); Peters, 489 S.W.3d at 789 (internal citation omitted).

"To establish a cause of action for common law negligence, 'the plaintiff must establish that (1) the defendant had a duty to the plaintiff; (2) the defendant failed to perform that duty; and (3) the defendant's breach was the proximate cause of the plaintiff's injury.'" McComb v. Norfus, 541 S.W.3d 550, 554 (Mo. banc 2018) (quoting Peters, 489 S.W.3d at 793). "The legal duty owed by a co-employee to a third person is separate and distinct from an employer's nondelegable duties." Id. (citing Peters, 489 S.W.3d at 795).

"The scope of the employer's nondelegable duty is broad." Conner v. Ogletree, 542 S.W.3d 315, 322 (Mo. banc 2018). An employer's nondelegable duties include the following:

5

1. The duty to provide a safe place to work.

2. The duty to provide safe appliances, tools, and equipment for work.

3. The duty to give warning of dangers of which the employee might reasonably be expected to remain in ignorance.

4. The duty to provide a sufficient number of suitable fellow servants.

5. The duty to promulgate and enforce rules for the conduct of employees which would make the work safe.

McComb, 541 S.W.3d at 554–55 (internal citations omitted). Critically, "[t]o maintain a negligence action against a co-employee, *a plaintiff must show that the co-employee breached a duty separate and distinct from the employer's nondelegable duty to provide a safe workspace* for all employees." Ogletree, 542 S.W.3d at 319 (quoting Parr v. Breeden, 489 S.W.3d 774, 782 (Mo. banc 2016)) (emphasis added). The two-step analysis set forth in Ogletree requires (1) the plaintiff demonstrate a claim of negligence and (2) the plaintiff show the nondelegable duty doctrine does not apply to the co-employee's action. Brock, 2021 WL 5217031, at *6 (citing Ogletree, 542 S.W.3d at 324). "Simply put, the plaintiff must show the defendant co-employee breached a duty separate and apart from the employer's foreseeable duty to provide a safe workplace[.]" Id. (citing Ogletree, 542 S.W.3d at 324).

> A co-employee can only be liable for such injuries if the employer (prior to workers' compensation) would not have been liable because the co-employee either breached a duty unrelated to the master-servant relationship or committed a breach of workplace safety that was so unforeseeable to the employer as to take it outside the employer's nondelegable duty to provide a reasonably safe workplace.

Id. at *6–*7 (quoting Ogletree, 542 S.W.3d at 324). "The scope of the employer's duty to provide a safe workplace . . . is dependent on several factors, including the nature of the employer's work and the risks associated with the work." McComb, 541 S.W.3d at 555–56 (quoting Peters, 489 S.W.3d at 795) (alteration in original) (finding co-employees could not be held liable at common law for the wrongful death of an employee who was directed to drive his

6

delivery route during a winter storm despite unsafe road conditions because the duties allegedly breached fell clearly within the employer's nondelegable duty to provide a safe workplace); Parr, 489 S.W.3d at 782 (internal citations omitted) (finding co-employees could not be held liable for the wrongful death of an employee who died in a vehicle accident because the duties allegedly breached, including breach of federal regulations to safely operate a commercial motor vehicle, fell squarely within the employer's nondelegable duty to provide a safe workplace).

An employer's nondelegable duty to provide a safe workplace is limited to those risks that are reasonably foreseeable. Ogletree, 542 S.W.3d at 322. Ogletree consolidated two cases. In one case, an employee was injured after touching a live powerline. Id. at 318. The employee had asked the supervisor whether the powerline had been de-energized, and although the supervisor had not properly confirmed the powerline was de-energized, he told the employee that it was. Id. The employee then attempted to cut the powerline and the resulting shock seriously injured him. Id. The employee brought a negligence action against the supervisor, and the circuit court granted summary judgment to the supervisor because the petition alleged only breaches of the employer's nondelegable duty to provide a safe workplace. Id. at 318–19. On appeal, the Supreme Court affirmed the grant of summary judgment, finding that the risks associated with working around energized powerlines are reasonably foreseeable to the employer and that the supervisor's negligence in fulfilling the employer's duty to ensure the line was de-energized was a foreseeable breach of the employer's nondelegable duty to provide a safe workplace. Id. at 327–28.

In the other case on appeal in Ogletree, an employee was injured when a forklift driven by his co-employee struck him and ran over his foot. Id. at 319. Ogletree found that the employee's negligent act in driving a forklift fell within the employer's nondelegable duty to

7

provide a safe workplace. Id. at 328. Specifically, the employee alleged the co-employee who negligently drove the forklift was not licensed, certified, or adequately trained to operate the forklift safely. Id. However, Ogletree found injury due to negligent operation of the forklift was reasonably foreseeable by the employer, who had a duty to protect its employees from such risks, thus the co-employee could not be held liable at common law. Id.

"As Ogletree recognized, it is the employer's sole duty to provide a safe work environment, and a co-employee's negligence in carrying out the duties assigned to the employee by the employer is not actionable at common law as a breach of a duty separate and distinct from the employer's nondelegable duty." Brock, 2021 WL 5217031, at *7 (citing Ogletree, 542 S.W.3d at 328). "If an employer's nondelegable duties owed to its employees with respect to safety are breached, an employer remains liable *even though an employer assigns the performance of those duties to an employee."* McComb, 541 S.W.3d at 554 (citing Peters, 489 S.W.3d at 795) (emphasis in original). "[W]hen an employee's injuries result from . . . the *manner* in which the work was being done, the injuries *are attributable* to a breach of the employer's nondelegable duty to provide a safe workplace." Ogletree, 542 S.W.3d at 327 (quoting Peters, 489 S.W.3d at 796) (emphasis and omission in original). Brock determined that a co-employee's act of removing the safety guard of a laminating machine before directing an employee to clean it while it was still running, resulting in serious injury to the employee, fell within the employer's nondelegable duty to provide a safe workplace and thus could not form the basis of common law liability. Brock, 2021 WL 5217031, at *7.

Here, Miller maintains the Petition sufficiently alleges facts showing Co-Employees' negligent acts fell outside Employer's nondelegable duties and were not foreseeable by Employer. In particular, Miller contends it was not foreseeable that Supervisor would have

8

violated Employer's policies and Missouri law by instructing Quinn to work on the truck with unsecured trashcans, a broken trailer gate, and no protective headgear. Miller reasons Supervisor created the hazardous conditions by ordering Quinn to ride in the back of a truck that otherwise would have been safe but for Supervisor's negligent instructions. Miller likewise asserts that Driver is liable for Quinn's wrongful death because he unforeseeably violated Employer's policies and Missouri law by instructing Quinn not to secure the trashcans and by driving too fast without a valid commercial driver's license, while passengers rode in the back of the truck with an unsecured load, a broken trailer gate, and no protective headgear. Miller argues Driver thus exposed Quinn to dangers beyond what would normally arise in the workplace, bringing his actions outside the scope of the Employer's nondelegable duties.

In contrast, Co-Employees counter that the Petition does not allege facts supporting a claim of common law liability. In particular, Co-Employees suggest that nothing in the Petition alleges that the conditions resulting in Quinn's death were caused by Co-Employees acting outside the scope of Employer's nondelegable duty to provide a safe workplace. Co-Employees argue that all of the facts alleged in the Petition amount to claims that Co-Employees were negligent in discharging Employer's nondelegable duties to make and enforce safety policies and provide a safe workplace. Co-Employees further assert that the alleged actions and dangerous conditions were reasonably foreseeable by Employer, and thus did not fall outside the scope of Employer's nondelegable duties.

We affirm the circuit court's dismissal on the grounds that the Petition fails to allege facts showing Co-Employees' actions fell outside the nondelegable duty doctrine. See Peters, 489 S.W.3d at 789 (internal citation omitted); Tuttle, 590 S.W.3d at 310 (internal citation omitted). Given Brock's discussion of Olgetree and its clear standard for co-employee common law

9

liability, we are persuaded that the alleged acts of Co-Employees, even afforded all reasonable inferences, cannot demonstrate the breach of any duty separate and apart from Employer's duty to provide a safe workplace. See Brock, 2021 WL 5217031, at *6 (citing Ogletree, 542 S.W.3d at 324). Supervisor's alleged actions in directing Quinn to ride in the back of the truck with unsecured trash bins despite Employer's policies otherwise, leading to Quinn falling off the truck, were reasonably foreseeable by Employer, who had the "sole duty to provide a safe work environment" to protect its employees from such risks. See id. at *7 (citing Ogletree, 542 S.W.3d at 327). Just as the co-employee who instructed an employee to clean a machine after removing the safety guard, the co-employee who told the employer that the powerline was de-electrified despite not properly confirming it was, and the co-employee who ordered the employee to drive in a snowstorm, Supervisor's alleged actions which caused or increased the risk of injury to Quinn were reasonably foreseeable breaches of Employer's nondelegable duty to provide a safe workplace. See Brock, 2021 WL 5217031, at *7; Ogletree, 542 S.W.3d at 327– 28; McComb, 541 S.W.3d at 557. Similarly, Driver's alleged actions in driving at a high rate of speed without a valid commercial driver's license while Quinn rode in the back of the truck with an unsecured load and broken trailer gate all constitute breaches of Employer's nondelegable duty to provide a safe workplace. See Brock, 2021 WL 5217031, at *7 (citing Ogletree, 542 S.W.3d at 327); Parr, 489 S.W.3d at 782 (noting a co-employee's breach of the employer's and federal regulators' safe vehicle operation fell squarely within the employer's nondelegable duty to provide a safe workplace). We agree with Co-Employees that the business of trash and recycling removal necessarily involves risk from handling large loads on trucks, and Employer's policies as stated in the Petition demonstrate its awareness of those risk factors. See McComb, 541 S.W.3d at 555 (citing Peters, 489 S.W.3d at 795). Further, we find that the factual

10

allegations in the Petition show Quinn's death resulted from the *manner* in which the work was being performed, thus his death is *attributable* to a breach of Employer's nondelegable duty to provide a safe workplace. See Ogletree, 542 S.W.3d at 327 (citing Peters, 489 S.W.3d at 796). Accordingly, we find the Petition fails to state a claim for co-employee common law liability. See Peters, 489 S.W.3d at 789 (internal citation omitted).

We note that our decision reflects the Supreme Court's clear intention to restore the breadth of the Act as the near-exclusive remedy for workplace injuries and a shield to co-employee liability. See Brock, 2021 WL 5217031, at *3–*4 (internal citations omitted) (discussing the confusing history of Missouri's co-employee liability jurisprudence and the 2012 statutory amendment's clarification that the Act provides immunity to co-employees from civil suits for workplace injuries unless the co-employees engaged in affirmative negligent acts that purposefully and dangerously caused or increased the risk of injury).[3] By interpreting the Act's amendments as suturing the gap left open for co-employee liability to a narrow, statutorily-defined standard, Brock emphasized the encompassing umbrella of the workers' compensation statutes placing liability for workplace injuries squarely on the shoulders of the employers. See id. Particularly relevant here, as urged in Ogletree, "it bears repeating [that] [an] employer [can]not evade liability for a breach of this nondelegable duty merely by assigning compliance with the duty to an employee." Ogletree, 542 S.W.3d at 322 (internal citations omitted); see also Peters, 489 S.W.3d at 800 (noting an employer breaches its nondelegable duty to provide a safe work environment where it charges an employee with the responsibility to provide a reasonably safe work environment but the employee did not so provide).

---

[3] The legislature has twice more amended the statute in 2014 and 2017 with no further changes to the statutory language outlining co-employee liability immunity.

11

Even affording Miller all reasonable inferences, the Petition has not adequately pleaded liability at common law, thus we need not consider the affirmative defense of the Act's immunity exception.[4] See Brock, 2021 WL 5217031, at *4 (citing McCracken v. Wal-Mart Stores E., LP, 298 S.W.3d 473, 479 (Mo. banc 2009)). Accordingly, because the Petition does not state a claim for co-employee liability, we find the circuit court did not err in dismissing the Petition. See Peters, 489 S.W.3d at 789 (internal citation omitted).

## Conclusion

The judgment of the circuit court is affirmed.

KURT S. ODENWALD, Presiding Judge

Colleen Dolan, J., concurs.
Roy L. Richter, Sr.J., concurs.

---

[4] The Petition raised the issue of the affirmative defense of the Act's immunity exception, and Co-Employees moved to dismiss the Petition prior to answering.