Paul C. Wilson, Judge
Matthew Fogerty ("Fogerty") filed a personal injury suit against his co-employee, Larry Meyer ("Meyer"), for injuries he sustained while they were working together to build a fountain. The trial court sustained Meyer's motion for summary judgment. Fogerty appealed, and this Court has jurisdiction under article V, section 10, of the Missouri Constitution. The circuit court's judgment is affirmed.
Background
Fogerty was employed by Wright Construction Company ("Employer"). In October 2011, Fogerty was assigned to work at Logan College. When he arrived for work, he was assigned to work with Meyer to install a fountain. Neither Meyer nor Fogerty knew how to install a fountain. Employer provided them with blueprints but no detailed instructions for how to construct the fountain. To install the fountain, Fogerty and Meyer were required to move large stones. Meyer decided to use a front loader to move the stones even though he had never used a front loader in that manner before. He suggested they use a strap to sling a stone beneath one of the front loader's forks. Meyer then asked Fogerty to walk beside the stone to keep it from swinging as Meyer drove the front loader up a roughly graded, muddy area of the construction site.
While they were moving one of the stones, Fogerty stepped beneath the forks while steadying the stone. As he did so, Fogerty was looking forward and had his back to Meyer in the cab of the front loader. Unexpectedly, Meyer allowed the forks to drop. He yelled a warning to Fogerty, but a fork hit Fogerty in the back and drove him to his knees. Fogerty was able to continue working that day, but he was unable to return to work the following day.
Fogerty later filed and settled a workers' compensation claim for injuries he sustained to his back and right knee. Then Fogerty filed this personal injury suit against Meyer.[1] Meyer moved for summary judgment, asserting he was entitled to judgment as a matter of law because Fogerty failed to show Meyer breached a duty separate and distinct from Employer's nondelegable duty to provide a safe workplace. The circuit court agreed and granted summary judgment in Meyer's favor.
Analysis
This Court reviews a grant of summary judgment de novo.
*547 Parr v. Breeden , 489 S.W.3d 774, 778 (Mo. banc 2016). "Summary judgment is proper when the moving party demonstrates there is no genuine dispute about material facts and, under the undisputed facts, the moving party is entitled to judgment as a matter of law." Id. (citations omitted). When the defendant is the moving party, the defendant may demonstrate entitlement to judgment by showing, among other things, undisputed "facts negating any of the [plaintiff's] necessary elements." Id. (citation omitted).
Fogerty's workplace accident occurred in 2011. At that time, an employee could pursue a negligence action against a co-employee for an injury sustained in the course of work only under certain circumstances. See Peters v. Wady Indus., Inc. , 489 S.W.3d 784, 789-90 (Mo. banc 2016). "To maintain a negligence action against a co-employee, a plaintiff must show that the co-employee breached a duty separate and distinct from the employer's nondelegable duty to provide a safe workspace for all employees." Parr , 489 S.W.3d at 782.
Generally, claims that a co-employee breached a duty separate and distinct from the employer's nondelegable duty to provide a safe workspace fall into two categories:
(1) allegations that a co-employee breached a duty unrelated to co-employee's employment, Peters , 489 S.W.3d at 794-95 ("employees are liable at common law to third persons, including co-employees, for breaching a legal duty owed independently of any master-servant relationship"); and (2) allegations that a co-employee breached the employer's nondelegable duty to provide a safe workplace in a manner that was not reasonably foreseeable to the employer, id. at 796 (describing such a breach as a "transitory risk").
Conner v. Ogletree , 542 S.W.3d 315, n.4, 2018 WL 1163870 (Mo. banc 2018) (No. SC95995, decided Mar. 6, 2018). As in Conner and McComb v. Norfus , 541 S.W.3d 550 (Mo. banc 2018) (No. SC96042, decided Mar. 6, 2018), Fogerty's claim against Meyer does not fall within either category.
The scope of the employer's nondelegable duty is broad. "It is the duty of the master to exercise reasonable care, commensurate with the nature of the business, to protect his servant from the hazards incident to it." Curtis v. McNair , 173 Mo. 270, 73 S.W. 167, 168 (Mo. 1903) ; see also Smith v. S. Ill. & Mo. Bridge Co. , 326 Mo. 109, 30 S.W.2d 1077, 1083 1930) (It is the duty of the master "to use all reasonable precautions which ordinary prudence would dictate, under the particular circumstances, in respect to the dangers to be reasonably anticipated and likely to occur to the servant in the course of the discharge of his duties.") (citation omitted).
In the course of applying this broad duty to particular factual scenarios, this Court has stated the employer's nondelegable duty includes, but is not limited to, the duty to "provide a safe place to work," "provide safe appliances, tools, and equipment for work," and "give warnings of dangers of which [an] employee might reasonably be expected to remain in ignorance." Peters , 489 S.W.3d at 795 (citations omitted); see also Parr , 489 S.W.3d at 779 (citations omitted).
Yet these merely were applications of the employer's broad duty to safeguard employees from reasonably foreseeable hazards in the workplace. See, e.g. , Beasley v. Linehan Transfer Co. , 148 Mo. 413, 50 S.W. 87, 89 (Mo. 1899) ("If the catastrophe in question was one so liable to occur that a reasonably prudent and experienced man, in the business in which the [employer] was engaged, would have anticipated and could have *548 guarded against it, but failed to do so, the [employer] would be liable."). And it bears repeating, the employer could not evade liability for a breach of this nondelegable duty merely by assigning compliance with the duty to an employee. See, e.g. , Combs[ v. Rountree Const. Co. , 205 Mo. 367], 104 S.W. [77,] at 80 [ (1907) ] (employer "cannot delegate [responsibility for duty to provide a safe workplace] to any servant, high or low, so as to escape liability for a negligent act thereof"); Bender , 276 S.W. at 408 (an employer is "liable for the negligent performance of any act directed by it to be performed by an employee, whether of high or the most lowly degree, which affect[s] the safety of [the workplace]"); see also Peters , 489 S.W.3d at 800 (employer has a "nondelegable duty to provide a safe work environment, and it breaches that duty where it charged an employee with the responsibility to provide a reasonably safe work environment but the employee did not so provide") (citation omitted).
Conner , 542 S.W.3d at 322.
As explained in Peters , "part of an employer's duty in providing a safe work environment is 'provid[ing] a safe method of work.' " Peters , 489 S.W.3d at 799. Accordingly, if it is reasonably foreseeable that employees may be harmed in the absence of a safe manner and means for performing their work, an employer has a nondelegable duty to provide those manner and means to its employees. An employer may-and, often, must-assign responsibility for fulfilling this nondelegable duty to an employee. Conner , 542 S.W.3d at 321, 322-23. Such an assignment does not alter the nondelegable nature of the duty, however, and a co-employee's negligence in fulfilling that duty is not actionable under Parr and Peters .
Here, Employer failed to provide Fogerty or Meyer with a safe manner and means for constructing the fountain and, specifically, for using a front loader to move the large stones that task required. But the focus of the analysis under Parr and Peters is on the co-employee's conduct, not on the employer's conduct, and the co-employee is presumed to have been negligent. Conner , 542 S.W.3d at 323-25. "[T]he only thing that matters for purposes of applying Parr and Peters [ ] is whether the duty the co-employee breached was part of the employer's duty to protect employees from reasonably foreseeable risks in the workplace." Id. "If so, the claim is barred. If not, the suit against the co-employee can proceed." Id. at 324.
Meyer was negligent in deciding how to install the fountain and, specifically, in the way he decided to use the front loader to move the stones. He chose to use the front loader in a manner with which he was both untrained and unfamiliar, and he put Fogerty in harm's way by allowing him to stand beneath one of the forks to steady the stone slung beneath the other fork while Meyer drove the front loader across the job site. Under these facts, because Employer failed to provide a safe manner and means to install the fountain, both Meyer's negligence in deciding how to do so and Fogerty's resulting injury were reasonably foreseeable to Employer. Accordingly, Meyer's negligence was a breach of Employer's nondelegable duty to provide a safe workplace, not a breach of some duty "separate and distinct" from Employer's duty. Under Parr and Peters , therefore, the trial court properly granted summary judgment in Meyer's favor.
Conclusion
The judgment of the circuit court is affirmed.
Fischer, C.J., Russell, Breckenridge and Stith, JJ., concur;
Draper, J., concurs in result in separate opinion filed.
Powell, J., not participating.
George W. Draper III, Judge, concurring *549 While recognizing this Court's opinions regarding the application of the nondelegable duty doctrine in the co-employee liability cases handed down today are limited to actions against co-employees for injuries between 2005 and 2012, I write separately to preserve the right to find co-employee liability in limited circumstances. I believe the principal opinion applies a new foreseeability standard announced in Conner v. Ogletree , 542 S.W.3d 315, 2018 WL 1163870 (Mo. banc 2018) (No. SC95995, decided March 6, 2018), expanding an employer's nondelegable duties to any foreseeable act. I believe this new standard is unnecessary, resulting in additional barriers for injured employees and forever precluding co-employee liability. I concur in the result only.
The principal opinion focuses its attention on the fact Wright Construction Company (hereinafter, "Employer") failed to provide a safe manner and means to install the fountain and, as such, any resulting injury was foreseeable. While I concur in this instance Employer failed to provide a safe workplace, I maintain the proper analysis begins with ascertaining where an employer's nondelegable duty ends and a co-employee's independent duty begins rather than if the accident is foreseeable. Abbott v. Bolton , 500 S.W.3d 288, 292 (Mo. App. E.D. 2016).
Missouri law provides that an employer owes specific nondelegable duties to its employees, and if the employer delegates those duties to an employee, the employer remains liable. Peters v. Wady Indus., Inc. , 489 S.W.3d 784, 795 (Mo. banc 2016). "Thus, when an employee's injuries result from the tools furnished, the place of work, or the manner in which the work is being done, the injuries are attributable to a breach of the employer's nondelegable duty to provide a safe workplace." Abbott , 500 S.W.3d at 292 ; see also Gimmarro v. Kansas City , 342 Mo. 428, 116 S.W.2d 11, 13 (1937) (finding the employer breached its nondelegable duty to provide a reasonably safe work environment by not providing a safe method for performing the work); Bender v. Kroger Grocery & Baking Co. , 310 Mo. 488, 276 S.W. 405, 408 (1925) (finding employee who performed work as directed was not liable for co-employee's resulting injury because employer had a nondelegable duty to ensure its work was not performed negligently).
An employer is required to provide a safe place to work. Peters , 489 S.W.3d at 795. An "employer's nondelegable duty to provide a safe workplace does not include transitory risks arising from an employee's negligence in carrying out his or her work." Id. at 799. While each case is factually independent, prior cases provide some guidance to determine when a co-employee's actions are no longer encompassed by the employer's duty to provide a safe workplace. See Burns v. Smith , 214 S.W.3d 335, 338 (Mo. banc 2007) (explaining the independent "duty cannot arise from a mere failure to correct an unsafe condition and must be separate and apart from the employer's nondelegable duty to provide a safe workplace"); Tauchert v. Boatmen's Nat. Bank of St. Louis , 849 S.W.2d 573, 574 (Mo. banc 1993) (finding the creation of a hazardous condition may make a co-employee or supervisor liable for negligence); Fowler v. Phillips , 504 S.W.3d 107, 111 (Mo. App. E.D. 2016) (finding co-employee liability when the co-employee violated the employer's workplace rules); Carman v. Wieland , 406 S.W.3d 70, 79 (Mo. App. E.D. 2013) (finding *550 no independent duty under the common law to impose co-employee liability for merely negligently driving in the course of work duties).
"[P]art of an employer's duty in providing a safe work environment is 'provid[ing] a safe method of work.' " Peters , 489 S.W.3d at 799 (quoting Kelso v. W. A. Ross Const. Co. , 337 Mo. 202, 85 S.W.2d 527, 535 (1935) ). In this case, Employer failed to do so. Larry Meyer (hereinafter, "Meyer") did not deviate from a safe manner of work because Employer provided no guidance, instruction, or protocols for safely completing the task assigned to Matthew Fogerty (hereinafter, "Fogerty") and Meyer. Employer failed to provide any direction to its employees or supervisor, who had never used a front loader for moving stones or built a fountain. Fogerty, Meyer, and Rick Armstrong, a supervisor, all stated the construction area was a typical construction site, and they were provided tools to complete their task. The only direction Employer provided was a blueprint of the fountain. Employer did not provide a safe method of work to complete their work assignment.
While I disagree with any foreseeability analysis, I concur the facts and circumstances in this case demonstrate Employer did not provide a safe method of work to complete the work assignment. There was nothing in the record demonstrating Meyer took any action outside of Employer's nondelegable duties. The injuries Fogerty received, while regrettable, were from the tools furnished by Employer and due to the manner in which Employer's work was done; hence, this was all subsumed within Employer's nondelegable duties. See Abbott , 500 S.W.3d at 292. Accordingly, I concur in the result only.

Fogerty also sued his supervisor, Rick Armstrong, but this claim was dismissed without prejudice.