ROBERT G. DOWD, JR., Judge
Christopher Nolen ("Plaintiff") and his wife appeal from the summary judgment entered in favor of his co-employees, Gary Bess, Derrick Eaves and Kasey Guss (collectively "Defendants"), on claims for personal injuries Plaintiff sustained at work. We affirm.
Plaintiff was employed as a janitor for Southeast Missouri State University, working at the university arena. On May 18, 2007, he was mopping bleachers when he fell off the end of a row and sustained injuries. Plaintiff and his wife filed a negligence action against his co-employees Bess, Eaves and Guss. The petition alleged that Defendants each had a personal duty to refrain from acts that caused an undue risk of injury to Plaintiff above and beyond ordinary workplace risks. It alleged that Defendants breached that personal duty by affirmatively instructing or permitting Plaintiff to mop the bleachers without first installing guardrails, after he had specifically asked for them to be installed for fall protection.
Defendants filed a motion for summary judgment on the ground that the alleged duty was part of the employer's nondelegable duty to provide Plaintiff with a safe workplace and, therefore, Plaintiff could not pursue a claim against them as co-employees. The following facts established in the summary judgment record are undisputed. On the date of the injury, the janitorial crew believed they needed to mop quickly and they were all mopping faster than normal that day. When Plaintiff asked if the guardrails were going to be installed, he was told that there was not time.[1] It was the ordinary procedure to mop without guardrails when there were *439 time constraints.[2] Plaintiff had cleaned the bleachers at the arena hundreds of times, and usually the guardrails were installed. But Plaintiff had also cleaned the bleachers 15 to 20 times without the guardrails in place.
The trial court granted the motion for summary judgment because the undisputed facts showed that Defendants owed Plaintiff no independent duty, separate and distinct from the employer's duty, and therefore the claims against them failed as a matter of law. This appeal follows.[3] We review the grant of summary judgment de novo. ITT Commercial Finance Corporation v. Mid-America Marine Supply Corporation , 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is appropriate in favor of the defending party, as in this case, when the undisputed facts negate any one of the necessary elements of the plaintiff's claims. Id. Here, the element in question is whether these co-employees had a duty to Plaintiff, which is a question of law. See McComb v. Norfus , 541 S.W.3d 550, 555 (Mo. banc 2018).
Plaintiff's workplace injury occurred in 2007 and was within a window of time-2005 to 2012-during which the workers compensation statute permitted a plaintiff to pursue a negligence action against a co-employee for an injury sustained at work under certain circumstances.[4] In Conner v. Ogletree , and the companion cases handed down that same day, the Supreme Court re-examined this issue and endeavored to clarify the murky jurisprudence of co-employee liability during this limited time frame:
A co-employee can only be liable for such injuries if the employer (prior to workers compensation) would not have been liable because the co-employee either [1] breached a duty unrelated to the master-servant relationship or [2] committed a breach of workplace safety that was so unforeseeable to the employer as to take it outside the employer's nondelegable duty to provide a reasonably safe workplace.
542 S.W.3d 315, 324 (Mo. banc 2018) (emphasis in original); see also McComb, supra and Fogerty v. Armstrong , 541 S.W.3d 544, 546 (Mo. banc 2018). The first category is "rare and easy to spot" and is not at issue here. Conner , 542 S.W.3d at 324, n 4. The allegations of duty in this case seek, but fail, to come within the second category.
The Supreme Court recognized that an employer's nondelegable duty to provide a safe workplace is broad and has been applied in myriad factual scenarios with a variety of outcomes. Id. at 322. The Court found a common thread in those applications: "like most common law duties, the employer's nondelegable duty was limited to those risks that were reasonably foreseeable to the employer." Id. The Court concluded that even in those cases where the scope of that duty, and whether the co-employee's actions fell within it, was discussed in terms of "transitory risks" or the "something more" test, *440 the analyses were always rooted in whether the risk was reasonably foreseeable to the employer. See id. at 324-26 (discussing Peters v. Wady Industries, Inc. , 489 S.W.3d 784 (Mo. banc 2016) ). A "transitory risk" is one created by the employee's negligence where none existed before and, therefore, is a risk that was not reasonably foreseeable to the employer. Id. at 325 ; see also McComb , 541 S.W.3d at 556. The "something more" cases, while inaccurately stating the common law, nevertheless properly involve discernment as to whether the risk at issue was reasonably foreseeable to the employer. See Conner , 542 S.W.3d at 326. Thus, the Court concluded that "[t]he common law always has held an employer cannot fulfill its duty to provide a reasonably safe workplace merely by telling its employees to 'make it so' if the employee's negligence in carrying out that duty was reasonably foreseeable." Id.
The co-employees' negligent conduct as alleged by the plaintiffs in Conner was found by the Court to be reasonably foreseeable. Id. at 327. One of the plaintiffs alleged that his co-employees failed to ensure that the power line he was working on was de-energized, failed to warn him about it, failed to follow the employer's rules relating to safe handling of power lines and failed to supervise him properly. Id. "The risks associated with working around an energized line are reasonably foreseeable to [an employer]." Id. The employer had attempted to fulfill its duty to safeguard against that risk by promulgating rules and relying on its employees and supervisors to follow them. Id. The Court found that it was reasonably foreseeable to the employer that its workers would be negligent in carrying out these responsibilities and failing to follow the employer's rules. Id. at 327-28. The other plaintiff alleged that his co-employee negligently drove a forklift and was not properly licensed or trained to operate it. Id. at 328. "Injuries to employees working on and around moving forklifts were reasonably foreseeable to [the employer]" and "it was reasonably foreseeable to [the employer] that an employee would be injured if a co-employee negligently operated a forklift in the same way [the plaintiff] alleges [the co-employee] was negligent in this case." Id.
The Court reached the same result in the companion cases handed down that same day. In McComb , it was alleged that a supervisor was negligent in sending the plaintiff out on his delivery route despite dangerous weather conditions. 541 S.W.3d at 553. The Court found that the dangerous work condition-the slippery road-was not created by the co-employee, but by the weather. Id. at 557. "[T]he risks associated with driving a delivery vehicle in a region that experiences dangerous weather conditions are reasonably foreseeable to employers." Id. The employer had a procedure for drivers in bad weather and relied on its supervisors to ensure that it was followed. Id. It was reasonably foreseeable, the Court held, that a supervisor would be negligent in directing a delivery driver to remain on the road in dangerous weather conditions. Id.
In Conner and McComb , the employer had imposed safety measures to address the very risk that caused the plaintiff's injury, hence negligence by the co-employee in carrying out that measure was deemed foreseeable. In Fogerty , there were no such measures in place. There, the employer "failed to provide a safe manner and means" to do the job of installing a fountain, and the Court found the employer should have reasonably foreseen that its employee might be negligent in deciding how to handle the installation on his own and that another employee might be injured as a result. 541 S.W.3d at 546-48. A similar case in which the Employer should have reasonably foreseen the negligence at issue and taken measures to prevent it was also discussed in Conner . The plaintiff in *441 that case, Kelso v. W.A. Ross Construction Company , was part of a large paving crew and his task was to stand at a rock pile and direct dump trucks where to deposit their loads of rocks. 337 Mo. 202, 85 S.W.2d 527 (Mo. 1935). A co-employee failed to warn the plaintiff that a truck was about to back into him, and the plaintiff was injured. Id. The Court in Conner said that the injury was reasonably foreseeable to the employer and could have been prevented if the employer had taken reasonable precautions. 542 S.W.3d at 323.[5]
The risks were foreseeable in each of the above cases, and the Supreme Court concluded that the plaintiffs failed to allege a duty on the part of the co-employees that was separate and distinct from the employers' nondelegable duty to provide a safe workplace. The Conner Court distinguished itself and the above cases from other cases in which it was held that a co-employee did have an independent duty, finding that the negligence in those other cases was not reasonably foreseeable. For example, the Court found there was no reason for the employer in Cain v. Humes-Deal Company , 329 Mo. 1107, 49 S.W.2d 90 (Mo. 1932), to foresee that a co-employee would, while shoveling up loose debris, suddenly and violently slam the edge of his shovel down against the floor, causing a nail to fly into and injure the plaintiff's eye. See Conner , 542 S.W.3d at 322-23. Similarly, the Court said there was nothing about the tools, place or manner of how work was generally done in Marshall v. Kansas City , 296 S.W.2d 1 (Mo. 1956), that suggested the employer could reasonably foresee that a co-employee would suddenly and unexpectedly jerk a compressor hose to remove a kink causing the plaintiff to trip and be injured. See Conner , 542 S.W.3d at 325.[6] After revisiting this existing case law, the Court concluded that "[n]othing in this opinion is inconsistent with the outcomes in these previous cases." Id.[7]
In a different case, it may be difficult to apply the reasonable foreseeability *442 standard in the way Conner instructs and still have the outcome square with the Court's reinterpretations of existing case law above. But here there is no such difficulty. Here, the co-employee's alleged negligence in directing or allowing the plaintiff to mop the bleachers without installing the guardrails provided by the employer is precisely the type of risk deemed reasonably foreseeable by the Supreme Court. The danger of falling off the bleachers was a known risk that existed at this workplace, and the employer attempted to address it by providing guardrails. Plaintiff maintains that the employer therefore fulfilled its duty to provide a safe workplace and the Defendants' independent, separate and distinct duty "arose when [they] withdrew from [Plaintiff] the use of the safety rails provided by the employer while ordering and directing him to mop the bleachers in a known dangerous manner, creating the hazardous condition which directly resulted in [Plaintiff's] injuries." But that argument completely misses the point. The point is not whether the co-employees failed to follow the safety measure the employer provided, but whether that failure was reasonably foreseeable: "What matters, and the only thing that matters ... is whether the duty the co-employee breached was part of the employer's duty to protect employees from reasonably foreseeable risks in the workplace." Conner , 542 S.W.3d at 324.
That a co-employee would fail to use the safety measures put in place by the employer is the very negligence the Supreme Court found to be reasonably foreseeable in Conner and McComb . Just as it was reasonably foreseeable that the co-employees would fail to follow the employer's rules for safe handling of power lines in Conner and for safe driving in inclement weather in McComb , it was reasonably foreseeable that the co-employees in this case would not use the guardrails. Moreover, here, it was not only foreseeable that the co-employees would negligently fail to install the guardrails, it had actually occurred many times in the past. It fact, it was common to mop without the guardrails when there were time constraints. Unlike the unusual and therefore unforeseeable negligence discussed above-such as violently shaking a compressor hose or suddenly and for no reason slamming down a shovel-mopping without guardrails was the norm when there were time constraints and it was something Plaintiff experienced multiple times. In short, Plaintiff has wholly failed to demonstrate any way for us to find this risk was unforeseeable.
Because it was reasonably foreseeable that the guardrails would not be installed by its employees, the duty to protect Plaintiff from this risk was within the employer's nondelegable duty to provide a safe workplace. There being no separate and distinct duty of the co-employee Defendants here, Plaintiff's claims fail as a matter of law. The summary judgment in favor of Defendants is affirmed.
Angela T. Quigless, P.J. and Lisa S. Van Amburg, J., concur.

Plaintiff argues there is a genuine dispute as to which of the defendants decided not to install the guardrails, though it is undisputed that any of them could have made that decision. Because ultimately we conclude none of them had an independent duty outside the employer's nondelegable duty, this is not a material issue in this case.

Plaintiff argued there was an arena policy that the guardrails should be installed any time the bleachers are set up. The competency of the evidence of an actual policy is questionable, but regardless, it is undisputed that any such policy was not followed when there were time constraints.

This case was transferred after our original opinion to the Supreme Court and then retransferred back to us for reconsideration in light of the Supreme Court's recent decisions on co-employee liability discussed herein.

The statute was amended in 2012 to provide that an employee "shall not be released from liability for injury or death if the employee engaged in an affirmative negligent act that purposefully and dangerously caused or increased the risk of injury." Section 287.120.1.

In Conner , the Court also revisited other similar cases, noting that in State ex rel. Taylor v. Wallace , 73 S.W.3d 620 (Mo. banc 2002), the employer could reasonably foresee that a plaintiff riding on the side of a trash truck during rounds might be injured if the employer did not take precautions to ensure the truck was driven carefully by the co-employee and that in Kelley v. DeKalb Energy Company , 865 S.W.2d 670 (Mo. banc 1993), the employer could reasonably foresee that an employee operating a flame-making machine might be injured if precautions were not taken to ensure the machine was designed and installed properly. 542 S.W.3d at 326, n.9.

The Conner Court noted other cases that it deemed involved unforeseeable negligence. See, e.g., Conner , 542 S.W.3d at 325, n.6 (citing Tauchert v. Boatmen's National Bank of St. Louis , 849 S.W.2d 573 (Mo. banc 1993), where co-employee jerry rigged a makeshift hoist system that plummeted down elevator shaft); Conner , 542 S.W.3d at 326, n.8 and n.9 (citing Burns v. Smith , 214 S.W.3d 335 (Mo. banc 2007), where co-employee with bad eyesight salvaged ancient and leaking water pressure tank, welded it to dangerously corroded truck and ordered it be run "till it blows"); see also McComb , 541 S.W.3d at 557, n.8 (citing Hedglin v. Stahl Specialty Company , 903 S.W.2d 922 (Mo. App. W.D. 1995), where co-employee directed plaintiff to hang from forklift over vat of scalding hot water and remove grate).

The separate opinions filed in Conner , McComb and Fogerty argued that the reasonable foreseeability standard is "new" and "unnecessary," expands the employer's nondelegable duties to "any foreseeable act"-resulting in a "flawed analysis" and the effective elimination of co-employee liability for this time period-and is "in contravention of established case law." See Conners, 542 S.W.3d at 328-30 (J. Draper concurring in result only) (emphasis in original); Fogerty , 541 S.W.3d at 549-50 (J. Draper concurring in result only); McComb, 541 S.W.3d at 558-60 (J. Draper dissenting).